## SOUTHERN UNDERWRITERS v. DREWYER.

### No. 2137.

Court of Civil Appeals of Texas. Waco.
Feb. 2, 1939.

Rehearing Denied March 9, 1939.

Jos. W. Hale and Travis McCown, both of Waco, for plaintiff in error.

Fitzpatrick & Dunnam, of Waco, for defendant in error.

ALEXANDER, Justice.

This is a workmen's compensation case. The injured employee had worked at a gasoline filling station for approximately thirteen years. He contended that on September 15, 1936, he jumped off of an oil truck onto the concrete floor and injured his feet. He continued to work at intervals and to draw his pay until about the 1st of February, 1937, at which time he finally quit. The insurance company contended that his injuries and disability to work came on gradually and grew out of his having walked and stood on a concrete floor for so many years. The jury found that the injured employee jumped from a truck and was injured on September 15,

1936; that his injuries resulted in the total loss of the use of both feet at or above the ankles; that he sustained a loss of capacity to work as the result of said accidental injury; that said injury caused total and permanent incapacity to work. In answer to special issue No. 24, the jury found that the abnormal condition of plaintiff's feet did not have its origin prior to the month of September 1936, and in answer to special issue No. 27, that the "incapacity, if any, of plaintiff to labor" did not arise subsequent to September 15, 1936. By special issue No. 6E the court inquired "on what date, if any, do you find from the preponderance of the evidence, if any, that such total incapacity to work, if any, began or will begin." This issue was not answered. By special issue No. 13 the court inquired "on what date, if any, do you find from a preponderance of the evidence, if any, that such total loss of the use of plaintiff's feet, if any, began or will begin * * *." This issue was not answered. The jury did not find in answer to any other issue when total disability began.

The trial court found in the judgment that total disability occurred on February 4, 1937, and awarded compensation for total disability for a period of 401 weeks from said last named date. This was error. As we understand the holding of the Supreme Court in Texas Employers' Insurance Association v. Guidry, 128 Tex. 433, 99 S.W.2d 900, the period for which compensation may be allowed begins with the date of the injury and can never be extended to more than 401 weeks from such date. Here, according to findings of the jury, the employee was injured on September 15, 1936, but, according to the finding of the court, did not become totally disabled until February 4, 1937. If the injured employee suffered no disability or only partial disability from the date of his injury to February 4, 1937, a period of approximately twenty weeks, he could recover on a basis of total disability for only the remaining 381 weeks. The court therefore erred in allowing total disability for a period of 401 weeks from and after February 4, 1937.

We cannot reform the judgment and eliminate the effects of the error above referred to because the jury did not find when the period of total disability began, nor did it determine the percentage of disability, if any, suffered by the employee prior to the time when he became totally

disabled. The evidence on the question of whether or not the injured employee became totally disabled, and, if so, when, was in dispute and the trial judge had no authority to supplement the verdict of the jury by a finding on that issue. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

The judgment of the trial court is reversed and the cause is remanded for a new trial.