## SOUTHERN UNDERWRITERS v. BUXTON et al.

### No. 3585.

Court of Civil Appeals of Texas. Beaumont.

Jan. 11, 1940.

of subdivision 1 of Sec. 1 of Art. 8309, defining "average weekly wages." Subdivisions 2 and 3 of the definition of average weekly wages were also submitted to the jury, but alternatively; that is, the jury was instructed not to answer question No. 10, submitting subdivision 2, provided they had answered in the affirmative question No. 8 submitting subdivision 1, and, likewise, the jury was instructed not to answer special issue No. 12, submitting the third subdivision of the definition, in the event question No. 10 was answered in appellees' favor. Thus, on the verdict of the jury there was a finding that Charles Wesley Buxton worked in the employment in which he was working at the time of the injury, substantially the whole of the year immediately preceding his injury, and there was no jury finding, under the instructions of the court, that any employee of the same class as Charles Wesley Buxton performed the same or similar work being performed by Charles Wesley Buxton, during substantially the entire year before Charles Wesley Buxton was injured, nor was there any finding of an average weekly wage that "would be fair and just" to both appellant and appellees.

The trial court made the following findings and entered the following order on appellees' motion to enter judgment non obstante veredicto: "And it further appearing to the Court that plaintiffs on the 10th day of March, 1939, duly filed in this Cause a proper motion to disregard the jury's said findings upon Special Issues Nos. 8 and 9 on the ground that there was no evidence to raise such issues or to sustain the findings of the jury thereon, that said defendant, The Southern Underwriters, through its attorney, waived the service of reasonable notice of such motion as provided by law, and that on the hearing of such motion both parties came by their attorneys, and having heard and considered such motion, the evidence and the argument of counsel, and being of the opinion that there was no evidence to raise such issues, that the jury's findings in answer thereto have no support in the evidence and that such motion should be granted, and the jury's said findings on Special Issues Nos. 8 and 9 should be disregarded, it is accordingly ordered that said motion be and it is hereby granted and the said jury's findings to Special Issues Nos. 8 and 9 be, and they are hereby disregarded. And it further appearing to the Court that there is no evidence in the record that there was

Bill Daniel, of Liberty, and Simpson, Dorenfield & Fullingham, and Benbow, Saunders & Holliday, all of Dallas, for plaintiff in error.

Chap. B. Cain and Thos. A. Wheat, both of Liberty, for defendants in error.

WALKER, Chief Justice.

This appeal was by writ of error, but the parties will be referred to as appellant and appellees. The action was by appellees, the surviving wife and children of Charles Wesley Buxton, for compensation for the death of the husband and father, under the provisions of our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The case was tried to a jury. On motion of appellees, filed after the return of the verdict, judgment was entered in their favor against appellant for compensation for 360 weeks at $18.17 per week.

The jury found that Charles Wesley Buxton had worked in the employment in which he was working at the time he was injured substantially the whole of the year immediately preceding the injury; this was a submission and finding in appellees' favor

any employee of the same class as Charles Wesley Buxton who performed the same or similar work to that which Charles Wesley Buxton performed for Peoples Lumber and Supply Company on March 25, 1938, in Dayton, Texas, or vicinity, and there is no evidence to support such issue and no evidence to support a finding of the jury, and that uncontradicted and undisputed evidence establishes that there were no employees working substantially the entire year on March 25, 1938, in Dayton, Texas, or vicinity. And it further appearing to the Court that the only proper method from the evidence and the record for computing the average weekly wage of Charles Wesley Buxton would be under subdivision No. 3 of Article 8309, to-wit: said average weekly wage should be computed in any manner which may seem just and fair to both parties, and the evidence uncontradicted and undisputed and of a nature to conclusively establish that Charles Wesley Buxton was earning a weekly wage and had a weekly income from the Peoples Lumber and Supply Company of $30.28 per week; that 60% thereof would be $18.17 per week. And the Court now finds this figure of $30.28 to be such a weekly wage as would be fair and just to both the plaintiffs and the defendant, The Southern Underwriters."

The evidence on the issue of a fair and just weekly wage is summarized as follows by appellees in their brief: "The evidence was undisputed and uncontradicted to the effect that for substantially four years prior to the time that Charles Wesley Buxton received his accidental personal injury on the 25th day of March, 1938, he worked about two-thirds of the time and during the year immediately preceding the 25th day of March, 1938, the date of his accidental personal injury, which resulted in his death, he worked about seven months and during the prior part of that year he made not less than $175.00 every two weeks and at the time he received his accidental personal injuries and for a month or two prior to that time, he worked not less than 10 hours per day and very frequently did night work and made 50 cents per hour, which would make his average income run around $5.50 to $6.00 per day, which was the least wages that he ever did earn while in the employ of the Peoples Lumber & Supply Company. All of the evidence upon the average weekly wage that has any bearing upon the question came from the plaintiffs' witnesses." Appellant's principal point is that the trial court was without power to make an independent finding of a fair and just wage, under subdivision 3 of the definition of average weekly wage. Issues Nos. 8 and 10 were sent to the jury over appellant's exceptions and objections that they were without support in the evidence. Notwithstanding these exceptions, the jury's affirmative answer to No. 8 was received, and, as stated above, on the alternative submission issue No. 10 was not answered. By their motion to enter judgment non obstante veredicto, appellees conceded, and on their motion the trial court so found, that issues Nos. 8 and 10 were without support in the evidence. Issue No. 12, submitting a fair and just wage, did have support in the evidence, but, under the alternative submission, the jury was not permitted to return its finding thereon. It is clearly the law that the trial court cannot make an independent finding on a fact issue sent to the jury but not answered, unless the evidence on that issue is without dispute and subject to only one answer by the jury; that is, the answer to the issue must follow as a conclusion of law from the evidence. Southern Underwriters v. Drewyer, Tex.Civ.App., 125 S.W.2d 640, Note 18 Tex.Law Review 110. So, the court erred in making an independent finding on the issue of a just and fair wage unless his finding of $30.28 amounts to a legal conclusion from the undisputed evidence. Discussing in Maryland Casualty Co. v. Drummond, Tex.Civ.App., 114 S.W. 2d 356, 359, the issue of a fair and just wage, under subdivision 3 of the definition of average weekly wages, this court said: "The question is one which has given this court considerable trouble. The decisions of our courts have not laid down any specific rule or guide for determining just what facts may and what may not be considered in determining the just and fair wage rate contemplated by the statute." It appears from our discussion of that case, and from the authorities cited, that in estimating a just and fair weekly wage the jury may take into consideration all facts and circumstances which "tend reasonably to establish the capacity of the claimant to earn in the same or similar employment to that in which he was engaged at the time of his injury." It is clear from the authorities cited by us in the Drummond case that a just and fair wage, under subdivision 3, is not a matter of mathematical calculation, but must be fixed by the jury on due consideration of all the facts and cir-

cumstances in the case which tend to establish the earning capacity of the claimant, or of the deceased.

The evidence raised the issue that the death of Charles Wesley Buxton resulted from a compensable injury.

The other points presented by appellant's brief need not occur on another trial.

For the error discussed, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.