Gary Dale **KIRKPATRICK**, Appellant,

v.

Mrs. D. M. **HURST**, Appellee.

No. 8026.

Court of Civil Appeals of Texas, Texarkana.

Sept. 28, 1971.

Rehearing Denied Nov. 2, 1971.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellant.

Leighton Cornett, Cornett, Echols & Biard, Paris, for appellee.

RAY, Justice.

This case arises out of an automobile collision in Lamar County on F.M. Road No. 79 on December 16, 1967. The plaintiff (appellee) brought suit in her own name on January 2, 1970, without the joinder of her husband. Trial was had before a jury in which the jury made findings favorable to plaintiff on the issues of primary negligence, but the jury answered special issues finding the plaintiff guilty of contributory negligence. The court later overruled defendant's motion for judgment and granted plaintiff's motion for judgment notwithstanding the verdict of the jury.

The court had also denied defendant's motion for an instructed verdict in which defendant had raised the question of plaintiff's cause of action being barred by the two year statute of limitations, Vernon's Ann.Tex.Rev.Civ.Stat. art. 5526 (1958).

The facts show that the automobile being driven by Mrs. Hurst was struck from the rear by an automobile driven by the appellant (defendant), Gary Dale Kirkpatrick, as plaintiff was turning into the driveway of her residence. Both parties were on the south side of the highway traveling in an easterly direction at the time of the impact. The testimony of the defendant indicates that he had been following plaintiff for some four or five miles prior to the collision, and that the road was almost flat in front of the plaintiff's driveway, but there was a slight incline as the approach was being made to the point of impact. It was drizzling rain at the time of the collision, and as the defendant applied his brakes he felt his car slide, then released his brakes and tried to pass the plaintiff on the right as plaintiff was making a right turn into her driveway. Plaintiff was traveling in an easterly direction as she approached her driveway, and was making a turn to the south at the time of impact. Her automobile was knocked several hundred feet through a fence into a pasture before it came to rest. The defendant admitted that he had paid a fine for the offense of "failure to pass on the left side of the highway." There was conflicting evidence as to whether the plaintiff, Mrs. Hurst, had given a signal for a right turn. The jury found that the plaintiff failed to give a signal for a right turn, and that such was a proximate cause of the collision. The plaintiff had made a motion to reopen the case before the charge had been handed to the jury in order to present the testimony of Mr. Pepper Martin, which was to the effect that he had seen the plaintiff's automobile in the pasture immediately following the collision, and that he observed her automobile's right rear taillight blinking, indicating a right turn. The court was interrupted during the reading of the charge by plaintiff's attorney, to let the court know that Mr. Martin was outside the courtroom and available to testify, but the court refused to reopen the case to hear the testimony of Mr. Martin. The statement of facts indicates that the court started reading its charge shortly after 10:30 a. m., and that Mr. Martin arrived about 10:45 a. m.

The trial court granted plaintiff's motion for judgment notwithstanding the verdict and entered judgment in favor of Mrs. Hurst in the sum of $2,825.00, which represents $2,500.00 for her personal injuries and $325.00 damage to plaintiff's automobile.

Appellant Kirkpatrick assigns seven points of error which will be taken up in order.

■ The first assignment of error is that the trial court erred in failing to grant appellant's motion for an instructed verdict, as plaintiff's cause of action was barred by the two-year statute of limitations provided by Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). The facts pertinent to this assignment are that Mrs. Hurst was a married woman on the date of the collision on December 16, 1967, and at the time she filed her cause of action on January 2, 1970. In 1967, Art. 5535, Vernon's Annotated Texas Statutes provided, "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, *a married woman,* a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title." This article was amended by the 60th Legislature, effective January 1, 1968, deleting the term "a married woman," and substituted in the new statute of limitations the term "a married person under twenty-one years of age." The record reflects that Mrs. Hurst, the plaintiff, was 33 years of age at the time of trial on June 25, 1970, and therefore was not "a married person under twenty-one years of age" on January 1, 1968.

It is clear that the two-year statute of limitations did not begin to run on plaintiff's cause of action during the year 1967, as specifically set out in Art. 5535, Texas Revised Civil Statutes. In Johnston v. Huckins, *272 S.W. 245* (Tex.Civ.App. Fort Worth, 1925), the court held that in an action brought by the husband and wife for personal injuries suffered by the wife, the defense of the statute of limitations was not available against the wife by reason of her coverture. The plaintiff, Mrs. Hurst, was under disability of coverture until such time as her coverture was removed. Her coverture was removed by the amendment placed thereon by the 60th Legislature. However, the Statute of Limitations did not start to run against appellee until January 2, 1968, even though the amendment became effective on January 1, 1968. "In computing the time to sue under a newly enacted statute of limitations, the day on which the act took effect is excluded." 37 Tex.Jur.2d 190, Sec. 65; Limitation of Actions, On enactment or amendment of statute; Dowell v. Vinton, 1 White & W.Civ.Cas.Ct.App. § 327 (1877). We hold that prior to January 1, 1968, the statute of limitations did not run against a married woman's claim for injuries to her body while she remained under the disability of coverture. LeSage v. Smith, 145 S.W.2d 308 (Tex.Civ.App. Fort Worth, 1940, dism. judgm. cor.); Warren v. Schawe, 163 S.W.2d 415 (Tex.Civ.App. Austin, 1942, err. ref'd); Johnston v. Huckins, supra. We further hold that plaintiff's case was timely filed on January 2, 1970. Dowell v. Vinton, supra.

Appellant contends that Rule 4, Texas Rules of Civil Procedure, did not give appellee authority to file her lawsuit on Friday, January 2, 1970, and cites as authority Fulghum v. Baxley, 219 S.W.2d 1014 (Tex.Civ.App. Dallas, 1949). There the court held in an automobile accident case that the provision of the Constitution giving the Supreme Court power to make rules not inconsistent with laws of the State did not authorize the Supreme Court by rule to change statutory periods of limitation. There, the plaintiff Fulghum sought damages growing out of an automobile accident on September 28, 1945, by filing his suit on Monday, September 29th, 1947, one day after the expiration of two years from the date of the accident. The defendants plead the two-year statute of limitations. Plaintiff contended that since the last day for filing his suit fell on a Sunday as provided by Rule 4, he was entitled to wait until Monday to file the suit. The Dallas Court of Civil Appeals

held that the time in which to file the damage suit could not be extended by Texas Rules of Civil Procedure 4 and 6. Rule 4 provides the following:

"In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."

Rule 6 states:

"No civil suit shall be commenced nor process issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings."

The Fulghum case pitted Rule 4 and its Sunday provision against the limitation statute, Art. 5526, Tex.Rev.Civ.Stats. In the present case, we have Rule 4 supported by Art. 4591, Tex.Rev.Civ.Stats., concerning legal holidays pitted against Art. 5526. The Fulghum case and this case are distinguishable. Art. 5, Sec. 25 of the Texas Constitution, Vernon's Ann.St. provides the following:

"The Supreme Court shall have power to make and establish rules of procedure not inconsistent with the laws of the State for the government of said court and the other courts of this State to expedite the dispatch of business therein."

◼◼ In the Fulghum case, there was a conflict between a rule made by the Supreme Court and a statute of limitations, and the court held that the statute of limitations should govern, since the Supreme Court did not have power to make rules inconsistent "with the laws of the State." In the present case, the Supreme Court has made that portion of Rule 4 concerning holidays consistent with Art. 4591, Tex. Rev.Civ.Stats., declaring the dates to be set aside as legal holidays. We hold that when two statutes are in conflict (here, Rule 4 and Art. 4591 opposed to Art. 5526), the better construction is one which supports the preservation of the rights of the individual and his cause of action rather than an interpretation which would destroy or forfeit the rights or cause of action of the individual. We therefore hold that, in computing the time in which a personal injury action can be brought when the last day of the period falls on a legal holiday, the period runs until the end of the next day.

◼ The appellant in his second point of error contends that the trial court erred in disregarding the jury's findings that appellee had failed to give a right-turn signal, and that this was a proximate cause of the collision. The evidence shows that appellant Kirkpatrick had been following appellee for four or five miles prior to the collision. Art. 6701d, Sec. 68, Tex.Rev. Civ.Stats., requires the giving of a turn-signal "in the event any other traffic may be affected by such movement." The record reflects that both parties had seen each other on the highway prior to the collision. Appellant stated that he did not see a turn-signal being given by appellee prior to the collision. Appellee testified that she gave a signal before the collision. The jury found that Mrs. Hurst, appellee, failed to give a right-turn signal. Since this was a crucial issue, and there was an unbiased witness available to testify concerning the turn-signals on appellee's automobile immediately following the collision, it was an abuse of discretion for the trial court to refuse appellee an opportunity to present such evidence. The record reflects that appellee tried to present such evidence before the court had completed its charge to the jury. The supplemental Statement of Facts shows that appellee's attorney contacted Mr. Martin on Friday about 10:15 a. m., approximately fifteen minutes before all parties were to report to the

courtroom. At approximately 10:45 a. m., shortly after the court started reading its charge, the witness Martin appeared to testify, but the court was in the process of reading the general instructions of the charge to the jury when the deputy district clerk brought a note to appellee's attorney stating that Mr. Martin was outside the courtroom. We feel that it was incumbent upon the trial court to allow appellee's attorney to reopen the case for the presentation of the testimony of Mr. Martin concerning the directional signals on appellee's car immediately following the collision.

■ The court erred in granting appellee's motion for judgment notwithstanding the verdict, since there was testimony by appellant that he did not see any lights indicating a turn to the right or the left, and appellee testified she gave the required signal. In view of the facts in this case and our holding that the court abused its discretion in failing to let Pepper Martin testify concerning the turn-signals on appellee's car, the case is reversed and remanded for a new trial.

■ Appellant's third point of error is overruled. There was no duty on the part of appellee to keep a lookout to the rear of her automobile as she was making a right turn into her driveway from the Farm to Market road. The only thing that she could have seen, had she been looking, was appellant's car striking her car. The law does not require the doing of a useless thing. Under the facts of this case, we hold that appellee was not required to keep a lookout to the rear of her vehicle. Kerr v. Dildine, 410 S.W.2d 808 (Tex.Civ.App. Austin, 1967, no writ). The trial court was correct in disregarding the jury's answers to special issues No. 18 and 19, and those issues need not be submitted to the jury if the case is retried.

Appellant's fourth point of error is overruled in that the evidence was of insufficient probative value to require the submission of special issues No. 16 and 17 inquiring as to whether appellee turned her vehicle into her driveway when it would not have appeared to a person using ordinary care that such movement could be made with safety and that such was a proximate cause of the collision in question. The trial court properly disregarded the jury's answers to issues 16 and 17.

■ Appellant's fifth point of error relates to the failure of the court to submit requested special issues inquiring whether or not Mrs. Hurst, the appellee, failed to make her approach for a right-hand turn as close to the right-hand edge of F.M. Highway 79 as would have appeared practical to a person using ordinary care, and whether or not this was a proximate cause of the collision in question. Appellant was apparently so close behind appellee that he could not have missed her in any event, but the fact that he hit her in the right-hand side of her car in her driveway made the submissions of the requested issues unnecessary. We hold there was not sufficient evidence introduced by appellant regarding these issues as would require the court to submit them to the jury.

■ Appellant's sixth point of error complains of the awarding $325.00 to appellee for damage to her Chevrolet automobile. The evidence shows that the car which appellee, Mrs. Hurst, was driving, was in the name of her husband and that it was bought during their marriage. Since the vehicle was community property, the husband had the right to bring suit for the recovery of the damages. His having failed to bring suit before the two-year statute of limitations had run, the question is whether the wife can recover for that which the husband had allowed to become barred by the statute of limitations. We do not think so. The law as it stood in December 1967 was that the husband must institute suit for the recovery of damages resulting from the loss of community property as manager of the community estate. Failure of the husband to bring suit for loss of any community property within two

years from the date the cause of action accrued would bar recovery of damages for loss of all community property in an automobile collision case. However, since the wife was still under her disability of coverture in 1967, the two-year statute of limitations would not begin to run against her recovery for those personal injuries which were her separate property (Art. 4615, Rev.Civ.Stats. of Texas, as amended by the 60th Legislature). With the amendment of Article 5535 by the 60th Legislature (effective January 1, 1968), the disability of coverture was removed, so that the two-year statute of limitations started to run on January 2, 1968, against the recovery of damages for her individual personal injuries. She could then sue in her own name to recover her separate property. The legislature had already declared that damages resulting from her personal injuries were the wife's separate property (Art. 4615, Rev.Civ.Stat. of Texas, as amended by the 60th Legislature), Art. 4615 provided:

> "This article, as amended by Acts 1967, 60th Leg., p. 736, ch. 309, § 1, prior to repeal (by the Texas Family Code), provided: 'The recovery awarded for personal injuries sustained by either spouse during marriage shall be the separate property of that spouse except for any recovery for loss of earning capacity during marriage.'"

The new Texas Family Code, Sec. 5.01(a)(3), V.T.C.A. provides the following:

> "A spouse's separate property consists of:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> "(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage."

This court is not unmindful of the decision in Johnson v. Daniel Lumber Company, 249 S.W.2d 658 (Tex.Civ.App. Beaumont, 1952, writ ref'd). The court has reviewed that case along with the very recent case of Franco v. Graham, 470 S.W. 2d 429, by the Corpus Christi Court of Civil Appeals, 8 Texas Lawyers' Weekly Letter, No. 26 (June 30, 1971), along with an article by Prof. Joseph W. McKnight, Personal Injury as Separate Property—a Legislative History and Analysis of the New Article 4615, Vol. 3, No. 1, September-October 1968, Trial Lawyer's Forum. Johnson v. Daniel Lumber Company case, supra, and the case now under consideration are very similar. Ironically, the automobile accident in the Johnson case occurred on December 16, 1947, and just twenty years later on December 16, 1967, the appellee, Mrs. Hurst, was involved in an automobile collision. At first glance, the cases appear to be indistinguishable. However, on close examination there is a distinction which was not considered by the court in the Johnson case in 1952. In the Johnson case, Mrs. Johnson, joined by her husband, filed suit against Daniel Lumber Company, seeking damages for her personal injuries, for the loss of Mrs. Johnson's services to her husband, for medical and hospital bills and expenses, and for damages to their automobile. The collision occurred on December 16, 1947, and suit was filed March 3, 1951. The defendant lumber company filed its plea in abatement, raising the question of Mrs. Johnson's cause of action being barred by the two-year statute of limitations, Art. 5526, Rev.Civ.Statutes of Texas. Plaintiff, Mrs. Johnson, argued that since she was under coverture of marriage, the statute of limitations would never begin to run against her until such disability of coverture was removed. She further argued that as long as she was under the disability of coverture her husband did not have to bring the suit alone to toll the statute, and that both together did not have to bring the suit as long as the case was a personal action and her disability of coverture existed, even if it should exist 100 years. The appellate court overruled that contention by stating, "A suit such as this, for personal injuries to her and damage to the family automobile, all of which are a part of the community property, cannot be

brought by a married woman herself, but must be brought by her husband." The court further stated, "If the holding has not been announced, we believe this is the proper time to announce it, that in such a case in which the disability of coverture has not yet been removed and the husband is the only party who can bring the suit, he must file such suit within the limitation period after the cause of action accrued." The opinion then quotes Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (Tex.Sup. 1925), and Northern Texas Traction Company v. Hill, 297 S.W. 778 (Tex.Civ.App. El Paso, 1927, writ ref'd), as holding that Art. 4615, Tex.Rev.Civ.Stats. was an unconstitutional legislative attempt to make money received for personal injuries sustained by the wife her separate property.

In 1925, the Texas Supreme Court in Arnold v. Leonard, supra, decided that the rents and revenues derived from the wife's separate lands were not her separate property, but community property, and that the Legislative act (Art. 4621, Tex.Civ.Stats.) was unconstitutional. The facts in the Leonard case were as follows:

Mrs. Adele E. Leonard, a married woman, joined pro forma by her husband, St. Clair Leonard, applied for an injunction to restrain the defendant, Gus I. Arnold, as administrator of the estate of Gus Schultz, Deceased, from seizing or attempting to subject certain rents and revenues from a number of pieces of real estate in the City of Galveston, all being the separate estate of the wife, Mrs. Adele E. Leonard, to the payment of a judgment owned and held by the defendant against the husband, St. Clair Leonard.

Art. 4621, as it existed in 1922, declared the rents and revenues of the wife's separate real property to be her separate estate. The Supreme Court declared the statute to be unconstitutional, as being in violation of Art. 16, Sec. 15, of the Constitution of the State of Texas in that it was an attempt by the State Legislature to expand the property to be included in the wife's separate estate.

Art. 16, Sec. 15 of the Texas Constitution declares:

"All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband. Laws shall also be passed providing for the registration of the wife's separate property."

■ There can be little doubt but what the holding in Arnold v. Leonard, supra, was correct. The court held that the income from the separate properties owned by the wife would be community assets. This state has long recognized this axiom in the cattle industry. The offspring of the cattle owned by the wives have always been considered community property. Nevertheless, it is just as true that when the separate property is depleted, the money received by the wife from the depletion of her separate estate is considered her separate property. Commissioner of Internal Revenue v. Wilson, 76 F.2d 766 (Cir. Ct.App. 5th Cir. 1935); Huie, Texas Cases on Marital Rights, notes, pp. 221, 222 (1955).

This court acknowledges that if the damages awarded to appellee Mrs. Hurst, in answer to special Issue No. 10, are community property, then same are barred by the two-year statute of limitations. However, if the award of $2,500.00 is separate property, then the statute of limitations did not run during her coverture, and as we have outlined above, she had timely filed her cause of action. Special Issue No. 10 was submitted to the jury as follows:

"From a preponderance of the evidence, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate plaintiff for the physical pain, if any, and mental anguish, if any, which Mrs. D. M. Hurst has suffered from December 16, 1967, to this date, di-

rectly and proximately caused by the collision on December 16, 1967?

"Answer in dollars, if any, and cents, if any, or none.

"We the jury answer: $2,500.00."

 We hold Article 4615, as amended by the 60th Legislature and incorporated in the Texas Family Code as Sec. 5.01, to be constitutional. We further hold that the $2,500.00 awarded to appellee in answer to Special Issue No. 10, to be her separate property under Art. 16, Sec. 15, and Art. 1, Sec. 13 of the Texas Constitution, and that her recovery for such was not barred by the two-year statute of limitations, Art. 5526, Tex.Rev.Civ.Stats. After an exhaustive review of the many cases concerning whether the damages to the wife's body are community property or separate property, we are persuaded that this segment of the damages is her separate property, because the recovery is not an acquisition of additional assets in the form of damages, but rather a replacement for the loss of a part of the individual spouse's body brought into the marriage. We believe the reasoning relative to this issue in Franco v. Graham, supra, is correct, and that when a husband and wife are joined in marriage they each bring with them as their separate property their bodies. Thus, an injury to the body of either spouse after marriage is such that leaves it in a diminished condition. The recovery for this diminished condition is the separate property of the spouse who recovers damages for the depleted or diminished condition. The best legal minds in Texas designed Art. 4615, as amended by the 60th Legislature, to so provide. We are convinced that none of the previous cases have considered the Constitution of the State of Texas in the light presented in this case and the Franco case.

The Franco case arose in 1969 out of a car-truck collision, in which the plaintiffs, Rafael Franco (driver), and his wife, Lydia Franco (passenger) both received personal injuries. The jury found the plain-

tiff-husband guilty of contributory negligence, and the trial court entered judgment for the defendants on the basis that the husband's contributory negligence was imputed to the wife, and that since all recoveries for personal injuries were considered to be community property, neither the husband nor wife could recover any damages. On appeal, the Corpus Christi Court of Civil Appeals held that the contributory negligence of the husband was not imputed to the wife insofar as personal injuries sustained by her were concerned, and held further that the Legislature intended, by its enactment of Art. 4615 in 1967 and The Texas Family Code, Sec. 5.01(a) (3) in 1969, to make the money awarded to each spouse for injury to his or her body the separate property of the injured spouse. The court further held that the wife is in privity with her husband, however, on the loss of earning capacity, which is a part of the community estate, and the finding of contributory negligence of the husband bars any recovery for this element. Relative to the injuries to the body of the wife, the Court stated:

"Our construction of the 1967 statute leaves undisturbed the definition of community property as embodied in our Constitution and, in no way repudiates the holdings in Arnold v. Leonard, supra, and Northern Texas Traction Co. v. Hill, supra. The Legislature has decided that one hundred per cent (100%) of the loss resulting to a spouse by virtue of damages to the physical body should not be lumped together and be treated as community property; any loss that is not measured by impairment or diminution of earning power should be denominated separate property. It must be conceded by all that, if either party owns a chattel at the time of the marriage and, if, thereafter, the chattel is injured by a third party and a recovery is awarded for such damage or injury, surely the amount of such monetary award will be the separate property of the spouse that owned the chattel. There is no differ-

ence in a situation where the physical body of the spouse is substituted for the chattel; there, the spouse brings a sound body into the marriage; it is damaged as a result of actionable misconduct or negligence of a third party; any monetary recovery for the loss or damage to the affected member of the body (excluding damages for loss of earning capacity, loss of consortium, and recovery for medical expenses) should be treated as the separate property of the spouse who sustained the injury."

This court is aware that the present case arose before the effective date of the revised Article 4615, and that the Franco case arose after the effective date of Article 4615 (Acts of the 60th Leg., Chap. 309, p. 735, 741; approved May 27, 1967; effective Jan. 1, 1968). Before the publication of Volume 1, Texas Pattern Jury Charges, published in 1969, the issue submitted to the jury inquiring of them the damages to be awarded to a person for his personal injuries was submitted in such manner as to include in the damage issue not only injuries to the body, but loss of earning capacity. As submitted, the issue would have included both separate property and community property in the same issue and would therefore be in violation of Art. 16, Sec. 15 of the Texas Constitution. However, had the issue been submitted as appellee submitted her Special Issue No. 10, we believe the courts would have reached a different conclusion on such recoveries. The courts of Nevada and New Mexico have held that a claim for personal injury is not community property, but that "It takes its character from the right violated, namely, the right of personal security, which said right the wife brings to the marriage." It is this right she brought to the marriage, and it continues to be hers. "She brought her body to the marriage and on its dissolution is entitled to take it away; she is similarly entitled to compensation from one who has wrongfully violated her right to personal security." 33 Tex.Law Rev. 88 at pp. 89, 90, Leon Green, "The Community Property Defense in Personal Injury and Death Actions."

 It is the holding of this Court that damages recovered for injuries to the body of each spouse shall be the separate property of the injured spouse, which shall include physical pain and mental anguish, both past and future; and all other physical and mental losses, impairment or diminution, both past and future, other than loss of earning capacity, loss of consortium, and recovery for medical expenses. Franco v. Graham, supra.

On retrial of this case, the trial court need not submit any issues which will allow for the recovery of any community property, since all were barred by the two-year statute of limitation at the time this suit was filed on January 2, 1970.

In view of what we have said earlier in this opinion, appellant's seventh point of error complaining of the trial court's failure to grant appellant's motion for judgment is hereby overruled.

Reversed and remanded.