Gary Dale **KIRKPATRICK**, Petitioner,

v.

Mrs. D. M. **HURST**, Respondent.

No. B–3104.

Supreme Court of Texas.

July 19, 1972.

Rehearing Denied Oct. 11, 1972.

Fisher, McLaughlin & Harrison, J. D. McLaughlin, Paris, for petitioner.

Cornett, Echols & Biard, Leighton Cornett, Paris, for respondent.

STEAKLEY, Justice.

This suit for personal injuries sustained in an automobile collision was brought in the name of Mrs. D. M. Hurst without the joinder of her husband. The collision occurred on December 16, 1967, and the injuries to Mrs. Hurst were alleged to have been proximately caused by the negligence of Gary Dale Kirkpatrick, petitioner here. The suit was filed on January 2, 1970, and, among other matters, Kirkpatrick pleaded in defense the two-year statute of limitations, Art. 5526, Vernon's Ann.Civ.Stat. In a trial to a jury, there were findings of primary negligence against Kirkpatrick and of contributory negligence against Mrs. Hurst. The trial court granted the motion of Mrs. Hurst for judgment notwithstanding the verdict after overruling Kirkpatrick's plea of limitation. The court of civil appeals sustained the ruling on limitation but found error otherwise and reversed and remanded. 472 S.W.2d 295. We hold that the suit of Mrs. Hurst was barred and so reverse the judgments below and render judgment for petitioner Kirkpatrick.

Under Art. 5526 the suit of Mrs. Hurst must have been "commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards. . . ." As noted, the collision out of which the claim of Mrs. Hurst arose occurred on December 16, 1967, and this suit was not instituted until January 2, 1970. She seeks to avoid the bar of Art. 5526 on the theory that under the terms of Art. 5535 she was under the disability of coverture on the date of the accident and until January 1, 1968, when an amendment to Art. 5535 became effective. Prior to the amendment, Art. 5535 provided that "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, . . . the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title." The mentioned amendment substituted the words "a married person under twenty-one years of age" for the words "a married woman." Mrs. Hurst was not a married person under twenty-one years of age at the time the amendment became effective.

Assuming without deciding that Mrs. Hurst is correct in her position that she was formerly under a statutory disability, and that the period between the date of the accident and the effective date of the noted amendment is not to be included, her suit was yet not brought within the statutory period of two years. Giving the amendment to Art. 5526 the effect for which she contends, the right of Mrs. Hurst to enforce her claim for injuries to her body arose the first instant of January 1, 1968, and existed during the whole of this day. Accordingly, there is no basis for excluding this day in computing the period of limitation and the commencement of her suit on January 2, 1970, was not within the two year period provided in Art. 5526. The ruling principle is found in Ross v. Morrow, 85 Tex. 172, 19 S.W. 1090 (1892) and Pate v. Thompson, 179 S.W.2d 355 (Tex.Civ.App.1944, writ ref'd). It was there held that the statute of limitations commences to run against a minor on the date he becomes twenty-one years of age since he can institute suit at any moment of that day.

Mrs. Hurst urges the statement in 37 Tex.Jur.2d, Limitation of Action, § 65, that "in computing the time to sue under a newly enacted statute of limitations, the day on which the act took effect is excluded," together with the two decisions of Courts of Appeal cited for support, i. e.,

Texas & Pac. R'y Co. v. Goodson, 2 White & W.Civ.Cas.Ct.App. § 27 (1883) and Dowell v. Vinton, 1 White & W.Civ.Cas. Ct.App. § 327 (1883). *Goodson* states the rule that the first day should not be counted where it is partly consumed when the act is done, and cites Dowell v. Vinton as holding that the effective date of an act reinstating a statute of limitation should be excluded. However, Dowell v. Vinton involved the approval by an act of Congress on May 30, 1870 of the Texas Constitution of 1869 which, in turn, reinstated suspended statutes of limitation. Only part of the day of approval was left after Congress acted, thus invoking the rule that the law will take no notice of fractions of a day.

Were it held otherwise in the above respects, i. e., that limitation commenced on January 2, 1968, the two year limitation period provided by Art. 5526 nevertheless terminated on January 1, 1970. We disagree with the holding of the court of civil appeals that Rule 4 of the Texas Rules of Civil Procedure extended the statutory limitation period by one day, i. e., until January 2, 1970, by reason of the fact that January 1, 1970, was a legal holiday. Article 5526 does not provide that its time period of two years shall be exclusive of legal holidays otherwise prescribed by statute, and Rule 4 may not be given the effect of thus enlarging Art. 5526. Article 1731a relinquished rule making power to the Supreme Court, repealed all laws governing the practice and procedure in civil actions, and expressly provided that no substantive law or part thereof was repealed. Rule 4 must therefore yield to, and may not be given an effect inconsistent with, Art. 5526. Few v. Charter Oak Fire Insurance Co., 463 S.W.2d 424 (Tex. 1971); Missouri, K. & T. Ry. Co. of Texas v. Beasley, 106 Tex. 160, 155 S.W. 183 (1913); Fulghum v. Baxley, 219 S.W.2d 1014 (Tex.Civ.App.1949, no writ).

The judgments below are reversed and judgment is here rendered for petitioner, Gary Dale Kirkpatrick.