**Herman Leon HENSON, Individually and d/b/a Henson's Used Cars, Appellant,**

v.

**CITIZENS BANK OF IRVING,**
Texas, Appellee.

No. 4989.

Court of Civil Appeals of Texas, Eastland.

March 31, 1977.

Harry J. Joe, Dallas, for appellant.

Richard S. Geiger, Thompson, Coe, Cousins & Irons, Jim E. Cowles, Touchstone, Bernays & Johnston, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a case of first impression in Texas. The issue is whether the trial court abused its discretion in dismissing, without preju-

dice, plaintiff's suit after plaintiff refused to answer certain questions propounded to him during oral deposition on the ground the answers might tend to incriminate him and thus violated his Fifth Amendment rights granted under the Constitution of the United States.

Plaintiff, Herman Leon Henson, d/b/a Henson's Used Cars, sued defendant, Citizens Bank of Irving, Texas, seeking a declaratory judgment and damages for alleged violations of the Deceptive Trade Practices-Consumer Protection Act, Section 17.41, et seq., Texas Business And Commerce Code. During the oral deposition of Henson, he refused to answer several questions on the ground the questions violated his right against self-incrimination. Defendant filed a motion under Rule 215a, T.R.C.P., requesting the court to dismiss plaintiff's suit. The court, without entering an order directing plaintiff to answer the questions, dismissed the suit. Plaintiff has appealed. We reverse and remand.

At the time of the deposition, plaintiff was indicted for second degree felony theft arising out of the credit transaction made the basis of his suit.

Plaintiff contends the court erred in dismissing his suit because he had the absolute right to invoke the "privilege" and continue to proceed with his action. We disagree.

The prevailing rule is stated in 4 ALR3d 546 as follows:

"With the single exception of one Georgia case decided in 1924, all the following cases have recognized that a motion to dismiss a complaint, if timely made in the trial court, should be sustained where plaintiff exercised his privilege against self-incrimination to refuse to answer questions pertinent to the issues involved. The rationale upon which these decisions have been based is that although the privilege against self-incrimination is available to either party to a civil action, the plaintiff who invokes this privilege should not be permitted to prevail and, in effect, 'eat his cake and have it too.'"

In *Brown v. Ames,* 346 F.Supp. 1176 (D.C. 1972) the plaintiffs, who had brought a civil suit under the Federal Civil Rights Statutes alleging that they were arrested without legal or just cause, refused to answer during deposition certain questions on the ground the answers might incriminate them. The court said:

"The court does not quarrel with the proposition that each plaintiff can assert his Fifth Amendment right regarding '. . . depositions or interrogatories directed against him in a civil action where the answers might incriminate him in a pending criminal case.' *De Vita v. Sills,* 422 F.2d 1172, 1178 (3d Cir. 1970); *Duffy v. Currier,* 291 F.Supp. 810 (D.Minn.1968). Nor will the court here attempt to compel such answers.

The sole question presented is whether plaintiffs by commencing the action and submitting themselves to the jurisdiction of the court can be compelled either to waive their Fifth Amendment Privilege and respond to discovery proceedings and later of course to cross examination at trial, or have their Civil Rights action dismissed with prejudice. The court answers this question in the affirmative. *Lyons v. Johnson,* 415 F.2d 540 (9th Cir. 1969); *Christenson v. Christenson,* 281 Minn. 507, 162 N.W.2d 194 (1968)."

The issue was fully discussed in *Christenson v. Christenson,* 281 Minn. 507, 162 N.W.2d 194 (Minn.Sup.1968) wherein the court concluded that a plaintiff should not be permitted to withhold information which might relieve a defendant of liability and at the same time be permitted to prosecute a claim. The court noted that the risk the plaintiff might succeed in an unmeritorious claim would be so substantial that the plaintiff must either divulge the information or abandon the claim.

In *Franklin v. Franklin,* 365 Mo. 442, 283 S.W.2d 483 (1955), the plaintiff in a divorce action refused to answer certain questions on the ground her answers might tend to incriminate her. The court said:

"Of course, plaintiff had the right to refuse to answer both the written interrogatories and the questions propounded

to her at the hearing on the motion if to answer would tend to incriminate her. But, may she, by virtue of that privilege, obtain affirmative relief of divorce or temporary allowances, which otherwise would be denied to her on refusal to answer pertinent written or oral interrogatories? We have not been cited to nor have we found any case authorizing her to do so."

The court added:

"To illustrate the anomalous situation that would arise if plaintiff's contention were to be sustained, let us suppose that the interrogatories propounded to her, both written and oral, had involved some misconduct on her part and peculiarly within her knowledge, such as, although not criminal, would defeat her right to divorce. In such a case, no one would deny that her refusal to answer would defeat her action. *Schooler v. Schooler,* 258 Mo. 83, 167 S.W. 444, 447(7); *Whitmore v. American Ry. Express Co.,* 219 Mo.App. 294, 269 S.W. 654, 657; *Block v. Rackers,* Mo.Sup., 256 S.W.2d 760, 764; *Meier v. Commissioner of Internal Revenue,* 8 Cir., 199 F.2d 392, 396(4). Now, may she by being privileged to refuse to answer certain questions as to her misconduct on the ground that her answer might tend to incriminate her obtain an advantage that less offensive conduct would not afford her? Such a doctrine could enable plaintiff to obtain a divorce without being the innocent and injured party. The answer is obvious. Although plaintiff may refuse to answer self-incriminating interrogatories, yet, when she does, her action must be judged in the same manner and by the same rules as though she had refused to answer any other pertinent written or oral interrogatories."

The Florida Supreme Court in *Stockham v. Stockham,* 168 So.2d 320 (1964) said:

"We find that the Fifth Amendment to the Federal Constitution does not operate as a shield in all situations. For example, in *Levine v. Bornstein,* 13 Misc.2d 161, 174 N.Y.S.2d 574, the defendant therein alleged the plaintiff, an attorney, solicited the action to collect a judgment. Plaintiff attempted to take the Fifth Amendment in response to said allegation and referred to decisions where it was properly interposed, but the Court stated:

'* * * However, an examination of the above and other reported cases on the subject reveals that the privilege was always claimed by a non-party witness or by a defendant in court involuntarily, seeking only to defend. It does not follow that the protection of the privilege should be expanded to shield a plaintiff who with one hand seeks affirmative relief in court and with the other refuses to answer otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. To uphold this inconsistent position would enable the plaintiff to use the privilege as an instrument of attack.'"

The cases cited by plaintiff are distinguishable because in each case the party claiming the privilege was a non-party witness or a person in court involuntarily seeking only to defend.

Plaintiff does not have the right to claim his privilege and at the same time pursue his claim. He may be forced to elect whether to claim his privilege or abandon his claim. The privilege against self-incrimination is a "shield and not a sword."

Plaintiff next contends the court erred in dismissing his suit without entering an order directing plaintiff to answer the questions. Plaintiff argues that had the court entered an order directing him to answer the questions, he might have elected to answer and waive his rights under the Fifth Amendment.

Rule 215a, T.R.C.P., authorizes the dismissal of a suit if "a party . . . refuses to answer any question . . . after being directed to do so by the court in which the action is pending." The rule clearly provides that before a suit is to be dismissed, the party must refuse to comply with an order of the court. *Barrientos v. Texas Employers' Insurance Association,*

507 S.W.2d 900 (Tex.Civ.App.—Amarillo 1974, writ ref. n.r.e.). Defendant answers by saying an order in this instance would have been improper since a person may not be forced to answer a question that tends to incriminate. We think the court erred in dismissing plaintiff's suit without entering an order directing plaintiff to answer the questions. It is true the court could not compel an answer; however, as argued by plaintiff, he might have answered rather than have his suit dismissed. We have no doubt the court could dismiss plaintiff's suit if he refused to answer after having been directed to do so. The court should, however, have entered an order and thus given plaintiff the option of either answering or suffering dismissal of his suit.

We hold the court abused its discretion in dismissing plaintiff's suit and the judgment is reversed and the cause remanded.