C.B. WILEY and Pam Wiley,
Appellants,

v.

Debbie Jean BROWNING, et vir., John Darren Browning, Appellees.

No. 12–82–0063–CV.

Court of Appeals of Texas,
Tyler.

April 19, 1984.

Billy D. Hullum, Willspoint, for appellants.

Dean White, Canton, for appellees.

SUMMERS, Chief Justice.

Debbie Jean Browning and John Darren Browning (plaintiffs/appellees) brought this suit against C.B. Wiley and Pam Wiley (defendants/appellants) seeking to recover personal injury and property damages sustained as a result of an automobile collision. Appellants answered with special exceptions and a general denial. Trial was to a jury. Based on the jury's verdict the trial court rendered judgment in favor of the appellees and set the amount of recovery at $6,892.00. From that judgment appellants have appealed. We affirm.

On April 7, 1979, the Brownings, with John Darren Browning driving, were traveling east in their 1974 Monte Carlo Chevrolet on Highway 243 in Van Zandt County, Texas. Appellant Pam Wiley was driving a Chevrolet Luv pickup in a southerly direction on a county road which intersected with Highway 243. The collision in question occurred when Pam Wiley proceeded to cross Highway 243 and collided with the Browning vehicle in the intersection. Appellee Debbie Jean Browning sustained injuries to her foot, and Pam Wiley sustained injuries to her head. Both automobiles were damaged. At the time of the accident Pam Wiley was a minor, 15 years of age, and did not have a Texas operator's license. Her father, appellant C.B. Wiley, knew that Pam Wiley was not a licensed Texas driver and that she was driving the pickup at the time and on the occasion in question.

Appellants bring six points of error. In their first point, appellants assert that the trial court abused its discretion in applying discovery sanctions "by granting a judgment as to liability against Defendant C.B. Wiley for actions by his daughter, Pam Wiley."

The record reflects that notice was given, pursuant to Rule 201,[1] for the taking of C.B. Wiley's oral deposition at 4:00 p.m. on April 27, 1981, at the 87th District Courtroom in Canton, Texas; that Mr. Wiley failed to appear for such deposition; that he did not notify appellees that he would not be present and did not offer to appear at a later date for his deposition.

On January 19, 1982, the court, as a part of pretrial, held a hearing on appellees' motion for sanctions; at that hearing Mr. Wiley testified in part as follows:

Q Do you recall why you did not appear for that deposition?

A Yes, sir. My wife was going. My wife was there instead of me. I was picking up cattle off the highway. We had a bunch of cattle that had gotten out.

\* \* \* \* \* \*

Q Did you ask your lawyer or anybody to attempt to reschedule the deposition?

A. No, sir. I just sent my wife instead of me.

\* \* \* \* \* \*

THE COURT: I have a couple of questions for my own clarification.

Q Is it your testimony that you did not notify Mr. White [appellees' counsel], or have your attorney notify Mr. White, or make any further arrangements to set up an alternate date for the deposition?

A Your Honor, I let my wife handle all the business she could, and I didn't want to be bothered with it.

THE COURT: The answer is 'No'?

THE WITNESS: No.

The record further reflects that prior to the deposition setting on April 27, 1981, several dates, informally agreed upon at appellees' request, had failed to result in the taking of such deposition. At the conclusion of the hearing on appellees' motion for sanctions, the trial court granted said motion and, in applying sanctions, defaulted the defendant C.B. Wiley as to liability for the actions of his daughter Pam Wiley in this cause; and that following such ruling on the motion for sanctions, the court, with all parties and counsel present, proceeded with a jury trial to determine the issues as to Pam Wiley's alleged negligence and the personal injury and property damage issues in the case.

Appellants contend that sanctions may not be imposed for failure to appear for an oral deposition "until the order to answer has been made and disobeyed," citing *Henson v. Citizens Bank of Irving*, 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ). That case is clearly distinguishable from the case at bar. In *Henson*, the court held that where a plaintiff appears for his deposition but refuses to answer several specific questions asserting the Fifth Amendment, the court erred in dismissing plaintiff's suit without first entering an order directing plaintiff to answer the questions. In the case at bar, the defendant C.B. Wiley wholly failed to appear for his deposition and answer any questions.

■ In *Lewis v. Illinois Employers Ins. Co.*, 590 S.W.2d 119 (Tex.1979), the Supreme Court laid down the standard to be followed in applying sanctions to a party's failure to answer written interrogatories, distinguishing between a situation in which no answers are filed and a situation in which some answers are filed. If *some answers* are filed, an order compelling the remaining answers is necessary. If *no answers* are filed, the complaining party may move for the imposition of sanctions without a prior order compelling answers.

■ The imposition of penalties or sanctions for failure or refusal of a party to comply with discovery rules being directed to the sound discretion of the trial court, such action can be set aside only upon a showing of clear abuse of discretion. *Bass v. Duffey*, 620 S.W.2d 847, 849 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

■ On the record before us, we conclude that an order compelling attendance prior to imposition of sanctions was not

---

**1.** This and all other references to rules are to the Texas Rules of Civil Procedure.

necessary in the instant case and that the trial court did not abuse its discretion in defaulting the defendant C.B. Wiley as to liability for the actions of Pam Wiley, leaving him the right to be present and participate in the trial of the damage issues. Appellants' first point is overruled.

■ In their second point of error, appellants assert that the trial court erred in allowing medical expenses because there was no proof tendered which showed said expenses were reasonable and necessary. It is well settled that there must be evidence which shows the charges for medical expenses are reasonable in amount and reasonably necessary for the injuries sustained. *Dallas Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956); 28 Tex.Jur. 3rd Damages § 322. The record herein shows that there was testimony from Dr. John S. Turner, a doctor of Osteopathic Medicine licensed to practice in Texas, which supported a finding that $422.50 was a reasonable charge for medical expenses reasonably necessary for the treatment of Debbie Jean Browning's foot injury. Appellants' second point is overruled.

■ In their third and fourth points of error, appellants assert that the trial court erred in awarding judgment based on the jury's answer of $500.00 for medical expense in Special Issue 7 when the testimony reflected only $422.50, and the jury's answer of $543.00 for loss of wages in Special Issue 8b when the pleadings allege and the testimony supports only $534.00.

A calculation of the total damages including, as contended by appellants, only $422.50 for medical expenses and $534.00 for loss of wages, would amount to $6,926.50. The amount reflected in the judgment is $6,892.00. Thus, the recovery awarded appellees against appellants in the court's judgment was $34.50 less than the court could have awarded under the pleadings and proof in the case. Appellants have not been harmed, and their third and fourth points are overruled.

■ Appellants in their fifth point of error contend that the trial court erred in not submitting their requested comparative negligence issue in the court's charge to the jury. Appellants cite Rule 277 but do not offer argument in support of this point. It is settled that points of error are required to be supported by argument and authority, Rule 418(e), and if not so supported, the points are waived. *Arndt v. National Supply Co.*, 650 S.W.2d 547, 548 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). Even if the point was considered, it would be overruled. There were no pleadings and evidence that would raise an issue of comparative negligence.

In their sixth point of error appellants assert that the trial court erred in overruling appellants' objection to Special Issue No. 5 in that said issue constitutes a comment on the weight of the evidence by assuming that Pam Wiley failed to yield to the Browning vehicle.

Special Issue No. 5, and the jury's answer thereto, read as follows:

Do you find from a preponderance of the evidence that the failure of Pam Wiley to yield to the vehicle driven by John Browning was negligence?

Answer: 'We do' or 'We do not.'

The jury answered 'We do.'

The court gave the following instruction immediately preceding Special Issue No. 5.

The driver of a vehicle approaching the intersection of a different street or roadway is required to stop, yield and grant the privilege of immediate use of such intersection in obedience to any stop sign and, after so stopping, may only proceed when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway.

■ The jury had previously found that the appellant, Pam Wiley, failed to keep a proper lookout (Special Issue 1) and that such failure was a proximate cause of the occurrence in question (Special Issue 2). Although the jury, in answer to Special

Issue No. 3 did not find that Pam Wiley failed to stop before entering the intersection, the evidence conclusively shows that Pam Wiley failed to yield to the vehicle driven by John Browning.

It is not erroneous for the court to assume facts that are conclusively established by the evidence. *Beaumont City Lines, Inc. v. Williams*, 221 S.W.2d 560, 563–564 (Tex.Civ.App.—Beaumont 1948, writ ref'd n.r.e.); *Collier v. Hill & Hill Exterminators*, 322 S.W.2d 329, 332 (Tex. Civ.App.—Houston 1959, no writ); 59 Tex. Jur.2d Trial § 490.

Furthermore, even if the court erred in assuming that Pam Wiley failed to yield to the Browning vehicle in the submission of Special Issue No. 5, such error, if any, would be immaterial and harmless in view of the jury's answers to Special Issues 1 and 2. Appellants' sixth point is overruled.

The judgment of the trial court is affirmed.