**W.D. JOHNSON and Wife, Sally Johnson, Appellants,**

v.

**HOLLY FARMS OF TEXAS, INC., et al., Appellees.**

**No. 07–85–0224–CV.**

Court of Appeals of Texas, Amarillo.

April 30, 1987.

Judgment Amended on Rehearing May 28, 1987.

W.H. Brian, Jr. and William A. Hill, Culton, Morgan, Britain & White, Amarillo, Chris O. Concannon, Concannon, Traster & Concannon, Hugoton, Kan., for appellants.

Oscar P. Fields, Stokes & Fields, James Besselman and Kelly Utsinger, Underwood, Wilson, Berry, Stein & Johnson, Marvin W. Jones, Gibson, Ochsner & Adkins, Amarillo, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a tort suit by which appellants W.D. Johnson and Sally Johnson, the surviving parents of 17 year old Amy Johnson, seek recovery for damages caused by her death. The Johnsons appeal from a take-nothing judgment in favor of appellees Holly Farms of Texas, Inc., Benford Earl Husband, Robert Harold Peret and Cody Hall, and, by three points of error, attack two adverse jury findings and one failure by the jury to find an alleged fact of negligence. All appellees respond to the points and appellees Holly Farms and Husband advance two conditional cross-points. We affirm in part, and reverse and remand in part.

Late in the afternoon of July 29, 1983, appellee Peret was driving his car and pulling a rented trailer on U.S. 287, a four lane divided highway between Amarillo and Dumas. A few miles south of Dumas, he lost control of the car and it and the trailer overturned, blocking the right-hand northbound lane of the highway. Soon after the upset, appellee Husband, a truck driver for Holly Farms, arrived at the scene and stopped the 18–wheel company truck in the right lane, behind Peret's overturned vehicle and trailer. Husband testified that he left the engine running and turned on his "flashers." Husband and Peret talked for a few minutes, then Husband decided to leave. However, seeing a stream of traffic approaching, he and Peret began to flag down the oncoming vehicles.

One of the oncoming cars was owned by appellant W.D. Johnson, driven by appellee Cody Hall and occupied by Amy Johnson and another girl. With the consent of Mr. Johnson, Hall had driven the car to Amarillo, picked up the girls at the airport and was returning with them to the Johnsons' home in Kansas. The car driven by Hall crashed into the rear of the Holly Farms truck, critically injuring Amy Johnson and the other passenger. Both died a short time later.

The Johnsons, individually and as representatives of Amy Johnson's estate, sued Holly Farms, Husband and Peret, alleging a cause of action for themselves under the wrongful death statute, Tex.Civ.Practice & Remedies Code Ann. §§ 71.001–71.011 (Vernon 1986), and a cause of action for Amy Johnson's estate under section 71.021 of the Civil Practice & Remedies Code, the survival statute.* Holly Farms and Husband then filed a cross-action against Cody Hall, seeking contribution and indemnity from him.

The case was tried before a jury and, in response to numerous special issues, the jury found Husband guilty of one act of

---

\* The case was tried in April 1985, prior to the effective date of the Civil Practice & Remedies Code. At that time, the wrongful death statute was article 4671, and the survival statute article 5525, of the Revised Civil Statutes.

negligence that proximately caused the collision, by failing to place reflective triangles or red flags behind his truck. The jury failed to find him negligent for parking on the highway. The jury also found Cody Hall guilty of several acts of negligence, but failed to find any negligence by Peret. The jury apportioned 40% of the negligence to Husband and 60% to Hall and found, in response to two separate inquiries, that Hall was acting as the agent for the Johnsons and for Amy Johnson when the wreck occurred.

The jury awarded the Johnsons $190,000 for pecuniary losses and $110,000 for mental pain and anguish and awarded Amy Johnson $50,000 for the physical pain and suffering and mental anguish she endured before her death. However, the trial court entered a take-nothing judgment because of the findings that Hall was the Johnsons' and Miss Johnson's agent and was guilty of the greater negligence.

By this appeal the Johnsons contend (1) they conclusively established Husband's negligence in parking on the highway and the failure of the jury to so find is contrary to the great weight and preponderance of the evidence; (2) the evidence is legally insufficient to support the finding that Hall was Amy Johnson's agent because she, as a minor, could not appoint an agent; and (3) the evidence is factually and legally insufficient to support the finding that Hall was the Johnsons' agent. By two conditional cross-points, Holly Farms and Husband contend (1) the jury's award to the Johnsons for mental anguish cannot stand because there was no evidence of physical manifestation of the damages, and (2) the trial court should not have submitted a damage issue for Amy Johnson's pain, suffering, and mental anguish because the evidence is factually and legally insufficient to prove that no administration was pending or necessary on her estate. We will resolve the issues in the order listed.

 The Johnsons' initial contention is that they conclusively established an additional act of negligence by Husband. That contention is immaterial, the jury having found one act of negligence by Husband

that proximately caused the collision. Any error in the submission or answering of additional grounds is harmless, because only one act of negligence and proximate cause is needed to expose a defendant to liability. *See Wiley v. Browning*, 670 S.W.2d 729, 733 (Tex.App.—Tyler 1984, no writ); *Dallas Railway & Terminal Co. v. Orr*, 210 S.W.2d 863, 869 (Tex.Civ.App.—Amarillo), *aff'd*, 147 Tex. 383, 215 S.W.2d 862 (1948).

The Johnsons inferentially recognize the foregoing rule but argue that it is not applicable when dealing with comparative negligence because the number of acts of negligence found or conclusively established has a direct effect on the jury's apportionment of negligence. If it does, then the jury has ignored the trial court's instruction that the "percentage of negligence attributable to a party is not necessarily measured by the number of acts or omissions found." *See* 1 State Bar of Texas, Texas Pattern Jury Charges PJC 3.14 (Supp.1973); 10 West's Texas Forms, *Civil Trial and Appellate Practice* § 22.27 (1978). There is nothing in this record to indicate that the jury in this case ignored the instruction and we will not assume that it did so. Point of error one is overruled.

By their second point, the Johnsons attack the finding that Cody Hall was acting as Amy's agent. Because Hall was assessed 60% of the negligence, that finding prevented Amy's estate from recovering the $50,000 awarded to it by the jury. The Johnsons argue that the agency finding is immaterial, because Amy, as a 17 year old minor, lacked the legal capacity to appoint an agent. Tex.Civ.Practice & Remedies Code Ann. § 129.001 (Vernon 1986). The Johnsons are correct.

 As a minor, Amy Johnson's actions cannot be held under the principles of agency, because she does not have the legal capacity to appoint an agent. *Wanda Petroleum Co. v. Hahn*, 489 S.W.2d 428, 430–31 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Sturtevant v. Pagel*, 109 S.W.2d 556, 558–59 (Tex.Civ.App.—San Antonio 1937), *aff'd*, 134 Tex. 46, 130 S.W.2d 1017 (1939). § 129.001, *supra*. It follows

that the negligence of an alleged agent cannot be imputed to a minor under the doctrine of respondeat superior. *Kennedy v. Kennedy,* 505 S.W.2d 393, 395 (Tex.Civ. App.—Austin 1974, no writ); *Fuller v. Flanagan,* 468 S.W.2d 171, 176 (Tex.Civ. App.—Fort Worth 1971, writ ref'd n.r.e.). Nor can Hall's negligence be imputed to Amy indirectly, through her father. Even though Hall's negligence became Mr. Johnson's negligence under the doctrine of respondeat superior, a parent's negligence is not imputable to a minor's cause of action. *City of Houston v. Watson,* 376 S.W.2d 23, 32 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.); *Missouri-Kansas-Texas R. Co. v. Hamilton,* 314 S.W.2d 114, 118 (Tex.Civ. App.—Dallas 1958, writ ref'd n.r.e.); *Kuemmel v. Vradenburg,* 239 S.W.2d 869, 873 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.).

It follows that Amy's estate is entitled to recover the $50,000 awarded to it by the jury. However, for reasons discussed at the conclusion of this opinion, we will remand to permit the trial court to resolve ancillary matters, rather than render judgment at this time. Point of error two is sustained.

By their third point, the Johnsons contend the evidence is factually and legally insufficient to support the finding that Cody Hall was their agent. Because the burden to prove agency was on Holly Farms, Husband, and Peret, we will review the legal sufficiency of the evidence under the review standards of *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965) and the factual sufficiency under the review standards of *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). Thus, we will first examine the record for any probative evidence to support the finding, ignoring all contrary evidence. If we find some probative evidence, we will test the factual sufficiency of that evidence by examining the entire record to determine whether the finding is clearly wrong and unjust.

■ We will also collate our evidentiary review with the pertinent substantive principles of agency law. "For there to be an agency relationship, there must be some act constituting an appointment of a person as an agent; it is a consensual relationship." *Carr v. Hunt,* 651 S.W.2d 875, 879 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). However, a principal may confer actual authority on an agent either expressly or by implication, *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 847 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Carr v. Hunt,* 651 S.W.2d at 879, and the existence of an agency relationship may be implied from the conduct of the parties or from the facts and circumstances surrounding the transaction in question. *Intermedics, Inc. v. Grady,* 683 S.W.2d at 847. The nature and extent to which the principal can control the agent is the key factor in determining the existence of the relationship. *English v. Dhane,* 156 Tex. 231, 294 S.W.2d 709, 711 (1956); *Hughes Engineering Company v. Eubanks,* 307 S.W.2d 603, 604 (Tex.Civ.App.—Fort Worth 1957, no writ).

■ After reviewing the evidence, we are satisfied that it is sufficient to support the finding that Hall was Mr. Johnson's agent. The vehicle belonged to Mr. Johnson, although Amy usually drove it. Amy had visited with Hall about picking her up, and when that was related to Mr. Johnson he agreed to the plan. He then got the car ready for the trip, gave the keys to Hall and told him, "Have a good trip and be careful." Mr. Johnson described the relationship, from his viewpoint, as follows:

Q. Would you have expected him to follow any special instructions that you had given him regarding the use of the car had you seen fit to do that?

A. Yes, sir, he would have followed whatever I had told him to do.

Q. Because it was your car and your daughter?

A. Because it was my car, my daughter and because it was Cody and I know him that well. He would have done what I asked him.

From the evidence outlined above, the jury could believe that Mr. Johnson and Hall mutually consented to the relationship, that both understood it was for a specific purpose and that Mr. Johnson controlled the details of the relationship to the

extent necessary to accomplish its purpose. Thus, under the appropriate review standards, there is evidence, and it is sufficient, to support the finding that Hall was Mr. Johnson's agent. To that extent, point of error three is overruled.

Mrs. Johnson's situation is different, however. There is no evidence that she expressly or impliedly appointed Hall as her agent or had any contact with him about the matter. Thus, if her recovery is to be foreclosed by the agency finding, it must be because Hall's negligence, imputed to her husband, is then imputed through her husband to her because of their marital status. We find scant Texas law on that issue.

■ It is clear that the marital relationship does not, in itself, make one spouse the agent of the other spouse. *Wilkinson v. Stevison,* 514 S.W.2d 895, 898 (Tex.1974). Prior to the advent of comparative negligence, the right of one spouse to recover damages despite the contributory negligence of the other spouse was keyed to the classification of the award. If the recovery was community property, the contributory negligence of one spouse also barred recovery by the other spouse, because the law could not permit the wrongful spouse to obtain indirectly, through the community property laws, what that spouse was barred from obtaining directly. *Dartez v. Gadbois,* 541 S.W.2d 502, 509 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ); *Missouri-Kansas-Texas R. Co. v. Hamilton,* 314 S.W.2d at 117. If, however, the award was the separate property of the innocent spouse, then the contributory negligence of the other spouse did not bar recovery. *Williams v. Steves Industries, Inc.,* 678 S.W.2d 205, 210 (Tex.App.—Austin 1984), *aff'd,* 699 S.W.2d 570 (Tex.1985); *Missouri-Kansas-Texas R. Co. v. Hamilton,* 314 S.W.2d at 117.

Absent other instructions from the Supreme Court, we must assume that the same rules apply under comparative negligence. Thus, we must determine the classification of the damages sought by the Johnsons under the wrongful death statute.

■ The jury was asked to value three kinds of damage: (1) pecuniary loss; (2) loss of companionship; and (3) mental pain and anguish. There is authority that damages recovered for mental pain and anguish are separate property. *Kirkpatrick v. Hurst,* 472 S.W.2d 295, 304 (Tex.Civ.App.— Texarkana 1971), *rev'd on other grounds,* 484 S.W.2d 587 (Tex.1972); *Franco v. Graham,* 470 S.W.2d 429, 438 (Tex.Civ.App.— Corpus Christi 1971), *reformed,* 488 S.W.2d 390 (Tex.1972). There is also authority that damages recovered for loss of companionship are separate property. *Williams v. Steves Industries, Inc.,* 678 S.W.2d at 210. Classification of each of these items of damage as separate property is consistent with article 16, section 15 of the Texas Constitution and that provision of the Family Code which states that a spouse's separate property includes recovery for personal injuries sustained by the spouse, except recovery for loss of earning capacity during marriage. Tex.Fam.Code Ann. § 5.01(a)(3) (Vernon 1975).

We find no clear direction on the classification of an award for pecuniary loss to parents arising from the death of a child. However, that loss is usually described to the jury, as it was here, as the care, maintenance, support, services, advice, counsel and contributions of pecuniary value that the child would have given the parent. Each of those items is in the nature of a gift from the child, and we have concluded that the better view is to classify that kind of pecuniary loss as the separate property of the spouse suffering the loss. That view is also consistent with article 16, section 15 of the Texas Constitution, section 5.01(a)(3) of the Family Code discussed above and section 5.01(a)(2) which classifies as separate property all gifts received during marriage.

Thus, we conclude that the three items of damage in question are separate property and that Mrs. Johnson is not foreclosed from recovering those items because of the negligence of Cody Hall as imputed to her husband. It follows that point of error three must be sustained as to Mrs. Johnson. However, the damage issues were

submitted jointly and we cannot determine the extent to which the damages belong to Mrs. Johnson. Therefore, her suit must be remanded for a new trial.

■ Because we are reversing portions of the trial court's judgment, we must also dispose of the two cross-points raised by Holly Farms and Husband. Initially, they contend the trial court should not have asked the jury to value the mental pain and anguish suffered by the Johnsons because there was no evidence of physical manifestations of those injuries. That requirement, alive when advanced in the trial court, is now dead in Texas wrongful death cases. In *Moore v. Lillebo*, 722 S.W.2d 683, 685–86 (Tex.1986) the Supreme Court eliminated the physical manifestation requirement, detailing in the opinion various ways the wrongful death claimants could prove mental pain and anguish other than by physical manifestation. *Id.* at 686. Proof of a close family relationship, for example, will support submission of the issue. There is ample evidence in this record that the Johnsons were a close family and that the survivors have suffered mentally because of Amy Johnson's death; thus, they were entitled to the issue. Cross-point one is overruled.

■ By their second cross-point, Holly Farms and Husband say no damages are recoverable by Amy Johnson's estate because there is no, or insufficient, evidence that no administration was pending on her estate and none was necessary. The general rule cited by Holly Farms and Husband is that heirs must properly allege and prove that no administration was pending and no administration was necessary before they can sue for a decedent's estate. However, the rule applies only when plaintiffs sue solely as heirs. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971).

Here, the Johnsons sued under the Texas Survival Statute as personal representatives of the estate of Amy K. Johnson. In that capacity, they are not required to prove their authority unless challenged by a plea in abatement or verified denial. *Theobold v. Pate*, 542 S.W.2d 460, 464–65 (Tex.Civ.App.—Tyler 1976, writ dism'd).

No party in this suit properly challenged their capacity. Cross-point two is overruled.

Our disposition of the various points of error mandates the following disposition of the case. The causes of action alleged by Mr. Johnson, Mrs. Johnson, and Miss Johnson's estate are severed from each other. The take-nothing judgment against Mr. Johnson is affirmed. The take-nothing judgment against Miss Johnson's estate is reversed and the estate's case is remanded to the trial court for entry of judgment in favor of the estate. In that judgment, the trial court should make such disposition of the third party claim against Cody Hall as the facts and law justify. The take-nothing judgment against Mrs. Johnson is reversed and her case is remanded to the trial court for new trial in accordance with this opinion.

## ON MOTION FOR REHEARING

Appellants W.D. Johnson and Sally Johnson and appellee Robert Harold Peret have filed motions for rehearing. The Johnsons request reconsideration of their first point of error, by which they contend they conclusively established an additional act of negligence by Husband. We have reviewed our disposition of the contention but remain convinced that additional acts of negligence by Husband are immaterial within the context of this case. Therefore, the Johnsons' motion for rehearing is overruled.

Peret points out in his motion, correctly, that although he was an appellee we did not articulate his status in our judgment. He also points out, correctly, that the jury absolved him of any negligence, the trial court rendered a take nothing judgment in his favor, and no claims were advanced against him in this Court. Thus he says, and we agree, that the trial court's judgment must be affirmed as to him. *Lott v. Lott*, 370 S.W.2d 463, 465 (Tex.1963).

Therefore, Peret's motion for rehearing is granted and the judgment of this court is amended to provide that the trial court's take nothing judgment in favor of Robert

Harold Peret is affirmed and no party to this case is entitled to any recovery against Robert Harold Peret because of the events upon which this case is based. Except as amended herein, the judgment of this court issued pursuant to our opinion of April 30, 1987, remains intact.