**In the Matter of V.C.**

**In the Matter of R.P.**

**In the Matter of D.V.**

**No. D–1898 to D–1900.**

Supreme Court of Texas.

April 29, 1992.

---

Enrique Fernandez, Del Rio, for petitioner.

Thomas F. Lee, Del Rio, for respondent.

PER CURIAM.

These three consolidated causes present the same question—whether Martin Luther King, Jr. Day was a legal holiday within the meaning of Rule 5(a), Texas Rules of Appellate Procedure, when so declared by order of a commissioners court, although not an officially designated state holiday.[1] The court of appeals held that it was not a legal holiday and consequently, that petitioners' appeals were not timely perfected. We disagree.

After the petitioners pleaded "true" to engaging in delinquent conduct, the juvenile court placed them on probation and ordered them to pay restitution for damages to private property. Timely motions for new trial were filed and overruled. Under Rule 41(a), Texas Rules of Appellate Procedure, the juveniles had ninety days from the date the judgment was signed to perfect their appeals. Because the ninetieth day fell on Sunday, January 20, 1991, the filing deadline was extended to the next day, Monday, January 21, 1991. TEX. R.APP.P. 5(a). However, this day was a holiday in Val Verde County in observance of the birthday of Martin Luther King, Jr., and the courthouse and clerk's office were closed by order of the county commissioners' court. On the next business day, Tuesday, January 22, 1991, the juveniles filed their affidavits of inability to pay costs of appeal. The court of appeals dismissed the juveniles' appeals for want of jurisdiction.

 Under Texas Rule of Appellate Procedure 5(a), if a filing deadline falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the end of the next day which is not a Saturday, Sunday, or legal holiday. Texas Rule of Civil Procedure 4 includes the same language as Rule 5(a). In *Miller Brewing Co. v. Villarreal,* we held that " 'legal holiday,' as used in Rule 4, TEX.R.CIV.P., includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday...." 829 S.W.2d 770, 772 (Tex.1992). Rule 5(a) should be interpreted consistently with Rule 4. *See Dorchester Master Ltd. Partnership v. Hunt,* 790 S.W.2d 552, 553 (Tex.1990). Therefore, Monday, January 21, 1991, was a "legal holiday" within the meaning of Rule 5(a), and the juveniles timely perfected their appeals on Tuesday, January 22, 1991.

---

1. In January 1991, Martin Luther King, Jr. Day was not enumerated in Article 4591 of the Texas Revised Civil Statutes Annotated ("the holidays statute") and therefore was not a state holiday. Article 4591 was amended in May 1991 to include the third Monday in January as Martin Luther King, Jr. Day. The act took effect on June 11, 1991. Act of May 25, 1991, 72nd Leg., R.S., ch. 445, § 1, 1991 Tex.Gen.Laws 1616.

Accordingly, pursuant to Rule 170, Texas Rules of Appellate Procedure, a majority of this Court reverses the judgments of the court of appeals and, without hearing oral argument, remands the causes to the court of appeals for reinstatement of the appeals.