Louisa **MARTINEZ**, Petitioner,

v.

**WINDSOR PARK DEVELOPMENT CO.**, Respondent.

No. D–2136.

Supreme Court of Texas.

June 24, 1992.

---

Bernard Buecker, San Antonio, for petitioner.

Joe Meador, Douglas Walsdorf, San Antonio, for respondent.

PER CURIAM.

This Term we held "that 'legal holiday', as used in Rule 4, TEX.R.CIV.P., includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed." *Miller Brewing Co. v. Villarreal,* 829 S.W.2d 770 (Tex.1992). We reached the same conclusion as to the use of "legal holiday" in Rule 5, TEX.R.APP.P., in *In re V.C.,* 829 S.W.2d 772 (Tex.1992). The case now before us presents the issue of whether the holding of *Miller* should also apply to TEX.CIV.PRAC. & REM.CODE § 16.072, which states:

If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business.

We hold that it should.

Similar provisions should, if possible, be construed similarly. Section 16.072, Rule 4, TEX.R.CIV.P., and Rule 5, TEX.R.APP.P., are similar provisions in that they all extend time periods for taking action when the period ends on weekends and holidays. Section 16.072 is actually somewhat broader than the two rules because its application is not restricted to *legal* holidays, and because its language suggests that holidays include days when county offices are not open for business. We observed in *Miller* that a broader reading of "legal holiday" in various federal rules has not caused difficulties, and we fail to see how the same construction of a limitations provision will be any more problematic. We think it most unlikely that this construction of section 16.072 will cause confusion or result in venue shopping to avoid the running of limitations, but if such problems do arise, the courts are equipped to handle them appropriately.

Limitations on petitioner Louisa Martinez' personal injury action expired on April 13, 1990, Good Friday, a county holiday on which the Bexar County Commissioners Court had ordered the courthouse closed. Martinez filed her action the following Monday. The trial court granted summary judgment against her, based on limitations, and the court of appeals affirmed in an unpublished opinion. In view of our holding, a majority of the Court grants petitioner's application for writ of error and, without hearing oral argument, reverses the judgments of the trial court and the court of appeals, and remands this case to the trial court for further proceedings. TEX.R.APP.P. 170.