Mike **LOWE**, Individually and as the Independent Executor of the Estate of John Lowe, Jr., Deceased, Appellant,

v.

Officer Christopher **RIVERA**, Appellee.

No. 05–00–01696–CV.

Court of Appeals of Texas, Dallas.

Nov. 6, 2001.

Michael D. Mosher, Michael D. Mosher & Associates, P.C., Paris, for Appellant.

Patricia Medrano, Asst. City Atty., Dallas, for Appellee.

Before Justices BRIDGES, O'NEILL, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

Mike Lowe appeals a final summary judgment dismissing his personal injury claims against Officer Christopher Rivera. We affirm the trial court's judgment.

### Background

Appellant's claims arise from an incident that occurred on February 21, 1998. On that date, appellant's father, John Lowe, suffered a stroke and was involved in a one-car accident. Rivera investigated the accident. Appellant alleges Rivera failed to identify the signs of John Lowe's stroke and, as a result, Rivera canceled a call for medical assistance. In the absence of timely medical care, John Lowe's otherwise reversible injuries became fatal.

The last day of the two-year limitations period for appellant's claims fell on Monday, February 21, 2000, which was Presidents' Day. Appellant testified he believed all government offices were closed on Presidents' Day, although he apparently made no inquiry concerning the status of Dallas County government offices. He filed this action pro se on the following day, February 22, 2000.

Dallas County offices, including the clerk's office, were in fact open on February 21, 2000. Rivera moved for summary judgment on limitations grounds. The trial court took judicial notice "that February 21, 2000, Presidents' Day is not a county holiday," granted the motion, and dismissed appellant's claims.

## Standard of Review

■ Summary judgment provides a method to terminate cases that involve only a question of law and no genuine issue of material fact. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). A defendant can establish his right to summary judgment by pleading and conclusively proving each element of an affirmative defense. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). To the extent the facts are in dispute, we take all evidence favorable to the non-movant as true and indulge every reasonable inference in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985).

## Statute of Limitations

Rivera pleaded the affirmative defense of limitations. A person must bring an action for personal injury no later than two years after the cause of action accrues. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2001). It is undisputed that appellant's cause of action accrued on February 21, 1998. Appellant did not plead any defense to the two-year term, nor did he plead any fact related to his decedent's injuries or Rivera's actions that would have abated the accrual of the period or tolled its running in some way. Thus, it is undisputed for purposes of this appeal that the last day of appellant's limitations period was Monday, February 21, 2000. The single question in dispute is whether appellant's limitations period should have been extended one day because February 21st was Presidents' Day.

### *Section 16.072*

■ Although section 16.003 provides the limitations period for his claims, appel- lant relies upon a different provision of Chapter 16 of the Texas Civil Practice and Remedies Code to save those claims. That section states:

> If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business.

*Id.* at § 16.072 (Vernon 1997). Appellant understands this provision to apply in any case in which the final day of a limitations period "falls on a Saturday, Sunday, or holiday." Thus, appellant argues, whenever that situation arises, the plaintiff automatically receives an extension of his limitations period until "the next day that the county offices are open for business." *See id.* As a result, appellant concludes, his own petition—filed the day after Presidents' Day—was timely.

■ However, appellant looks past the very purpose of section 16.072, which is to extend the limitations period when a plaintiff would otherwise lose the final day of that period for filing purposes. Texas law did not always protect a plaintiff this way. In *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 589 (Tex.1972), the Supreme Court of Texas held a limitations period was *not* extended by one day when the last day fell on January 1st, a legal holiday. In response to *Kirkpatrick*, the legislature enacted the predecessor to the section at issue here, thus "saving" the final day of the limitations period for the last-minute plaintiff. *See McClung v. Johnson*, 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.) ("recogniz[ing] that, apparently in response to *Kirkpatrick*, the legislature enacted [article] 5539d").[1]

---

**1.** The legislature's first enactment, section 16.072's predecessor, was effectively identical to the statute before us:

> If the last day of a limitations period under any statute of limitations falls on a Satur- day, Sunday, or holiday, the period for fil-

Moreover, appellant's argument for application of section 16.072 relies solely upon the words in the first half of that statute: "If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended ..." TEX. CIV. PRAC. & REM.CODE § 16.072. Appellant ignores the remainder of the statute that extends the deadline for filing to "the next day that the county offices are open for business." *Id.* Read as a whole, the section clearly addresses the situation that arises when the county's offices are *not* open for business on the last day of the limitations period. *See Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex.1992) (section's "language suggests that holidays include days when county offices are not open for business").

■ We will not construe a statute in a way that leads to an absurd conclusion if the provision is subject to another, more reasonable construction. *See C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 338 n. 5 (Tex.1994) (citing *Cramer v. Sheppard*, 140 Tex. 271, 287, 167 S.W.2d 147, 155 (1942)). Appellant's reading of section 16.072 would apply a savings provision to a date that needed no saving. Appellant was not at risk of losing the final day of his limitations period in this case: the courthouse and the clerk's office were open for business on February 21, 2000. He could have filed his petition on the last day of his limitations period. To apply a statute extending the limitations period be-

yond a date when the courthouse is already open is patently absurd. It is reasonable, instead, to construe that statute—given its purpose and its language-to operate only when the plaintiff is unable to file his petition on the date his limitations period expires. We conclude section 16.072 does not apply when the courthouse is in fact open on the last day of the plaintiff's limitations period; it has no application in this case.

### *Martinez v. Windsor Park Development Company*

Both parties to this appeal rely upon *Martinez v. Windsor Park Development Co.*, 833 S.W.2d 950 (Tex.1992). *Martinez* addressed the situation in which the last day of the plaintiff's limitations period fell on Good Friday, which was a "county holiday" in Bexar County.[2] The courthouse was closed, and the plaintiff filed her petition the following Monday, the next day the courthouse was open. The trial court granted summary judgment for the defendant on limitations grounds. The supreme court reversed, holding a "holiday" within the meaning of section 16.072 includes a day the commissioners court has determined to be a holiday in that county. *Id.* at 951.

Appellant focuses on the language in *Martinez* saying section 16.072 is a "broad" provision that is "not restricted to *legal* holidays." *See id.* at 951 (emphasis in original). If the section can embrace

---

ing suit is extended to the next day that the offices of the county are open for business. Act of May 27, 1977, 65th Leg., R.S., ch. 567, 1977 Tex. Gen. Laws 1403 (codified at TEX. CIV. PRAC. & REM.CODE ANN. § 16.072 (Vernon 1997)).

**2.** The traditional understanding of a holiday, of course, is found in the dictionary's definition of the term: "a day on which one is exempt from work." *See* WEBSTER'S NINTH

NEW COLLEGIATE DICTIONARY 576 (1985). A county's commissioners court has the authority "to confer employment benefits upon county officers and employees, including ... paid holidays." Op. Tex. Att'y Gen. No. JC–0131 (1999) (citing Op. Tex. Att'y Gen. No. MW–438 (1982)). When the commissioners court determines what days will be holidays for county employees, it decides, by implication, what days the clerk's office will be closed.

"non-holidays," appellant reasons, then the fact a county decides to keep its offices open on a true holiday should not exclude a plaintiff from the statute's protection.

Appellee, on the other hand, finds solace in the *Martinez* holding that county holidays, days on which the clerk's office is officially closed, are included within the purview of section 16.072's term "holiday." *See id.* Appellee believes the converse of this holding must be true as well: a "non-holiday" must be a day that is *not* a county holiday, i.e., a day when the clerk's office is officially open. Thus, the statute would not protect appellant's failure to file on Presidents' Day, a "non-holiday."

*Martinez* and the cases it follows do teach that "holiday" can include days other than those specifically designated as "legal holidays" by the legislature. *See id.; see also Miller Brewing Co. v. Villarreal,* 829 S.W.2d 770, 772 (Tex.1992) (interpreting rule 4 of the Texas Rules of Civil Procedure); *In re V.C.,* 829 S.W.2d 772, 773 (Tex.1992) (interpreting former rule 5(a) (now rule 4.1) of the Texas Rules of Appellate Procedure).[3] Ultimately, *Martinez* operates just as section 16.072 does: both intend to save a plaintiff whose limitations period runs on a day when he cannot file a petition. Section 16.072 speaks to "holidays"; *Martinez* broadens that section's savings provision to include any day the court officially closes its offices. But neither of these authorities assists appellant, whose limitations period ran on a day the courthouse was open.

*Reliance and Diligence*

■ Appellant argues he should be able to rely upon section 16.072's language that appears to grant him an extra day to file his petition. However, effective reliance must always be reasonable. It was not reasonable for appellant to rely on a self-serving reading of a statute without looking further to the purpose of that statute. Nor was it reasonable to rely on that statute and no other. *See, e.g.,* TEX. GOV'T CODE ANN. § 662.022 ("a public office of this state *may* be closed on a legal holiday") (emphasis added). Appellant asserts "everyone is not required to know at their peril when some county decides, for whatever reason, to be open on a Saturday, Sunday or holiday." We disagree. A plaintiff has the minimal obligation to make inquiry as to whether or not the courthouse is open when he has a filing due. Such a requirement is far from burdensome; it is, rather, the most elementary form of diligence. The summary judgment evidence indicates appellant made no attempt whatsoever to determine whether the clerk's office was open for business on the final day of his limitations period. We will not extend the statutory two-year period on equitable grounds when the plaintiff exercised no effort to determine whether he could or could not file his petition on that day. *See Boone v. St. Paul Fire & Marine Ins. Co.,* 968 S.W.2d 468, 470 (Tex. App.—Fort Worth 1998, pet. denied) (plaintiff's mistaken belief courthouse was

---

**3.** The legislature's enactments on holidays were codified in 1993. Those provisions include the following:

> A public office of this state may be closed on a legal holiday....

TEX. GOV'T CODE ANN. § 662.022 (Vernon 1994) (exception omitted for requirement of "enough employees on duty during a state holiday to conduct the public business of the agency").

> A legal holiday includes only the following days:
> (1) a national holiday under Section 662.003(a); and
> (2) a state holiday under Sections 662.003(b)(1) through (6).

*Id.* § 662.021. For purposes of this case, we note the legislature's list of national holidays includes Presidents' Day. *Id.* § 662.003(a)(3).

closed for inclement weather did not prevent claim filed day after limitations ran from being time-barred; plaintiff presented no evidence of diligence in attempting to file petition timely).

### Conclusion

Appellant filed his petition one day after his limitations period had run. No legal authority or equitable reason supports extending the limitations period. Appellant's claims were time-barred, and the trial court correctly granted summary judgment on those claims. We affirm the trial court's judgment.