

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-21-00010-CV

_____

ALEXANDER FRASIER AND HITOMI FRASIER, Appellants

V.

KATHLEEN ANN SHAFEEQ, Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-322104-20

Dissenting Memorandum Opinion by Justice Womack

**DISSENTING MEMORANDUM OPINION**

Today, the majority holds that the statute of limitations is extended on a day—Veterans Day—that the clerk's office was *open* for business. Because I would hold otherwise, I respectfully dissent.

As noted by the majority, the facts in this case are not in dispute. Appellants Alexander Frasier and Hitomi Frasier sued Kathleen Ann Shafeeq for personal injuries two years and three days after a car accident by e-filing their original petition in Tarrant County on Tuesday, November 12, 2019—one day after Veterans Day, a day that the Tarrant County Commissioners Court did *not* declare a holiday and a day on which the clerk's office was open. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (providing a two-year statute of limitations for personal injury lawsuits). The trial court granted summary judgment to Shafeeq when she argued that under Rule of Civil Procedure 4 and Civil Practice and Remedies Code Section 16.072, limitations could not be extended because the Tarrant County District Clerk's office had been open for business on Veterans Day. *See id.* § 16.072 ("If the last day of a limitations period . . . falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are *open for business.*") (emphasis added); Tex. R. Civ. P. 4[1] (providing, in pertinent part, that the last day of a

---

[1]In computing time, the Rules of Appellate Procedure use similar language: "The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a).

statutory time period is to be included unless it is a Saturday, Sunday, or "legal holiday"). Since the Frasiers could have and should have filed their original petition on November 11, 2019, when the clerk's office was open for business, I would affirm the granting of the motion based on the statute of limitations.

A sister court has previously addressed this open/closed scenario. *Lowe v. Rivera*, 60 S.W.3d 366 (Tex. App.—Dallas 2001, no pet.). In *Lowe*, the last day of the two-year limitations period for the appellant's claims fell on Monday, February 21, 2000, which was Presidents' Day, a day on which Dallas County offices, including the clerk's office, were open for business. *Id.* at 367. The "single question in dispute [was] whether [the] appellant's limitations period should have been extended one day because February 21st was Presidents' Day." *Id.* at 368. Relying on Section 16.072 of the Civil Practice and Remedies Code, the appellant argued that a plaintiff automatically receives an extension of his limitations period until the next day that the county offices are open for business. *Id.*

The Dallas court disagreed, noting that the "appellant looks past the very purpose of section 16.072, which is to extend the limitations period when a plaintiff would otherwise lose the final day of that period for filing purposes." *Id.* Reading Section 16.072 as a whole, "the section clearly addresses the situation that arises when the county's offices are *not* open for business on the last day of the limitations period." *Id.* at 369. The court concluded that a plaintiff has the "minimal obligation" to make inquiry as to whether or not the courthouse is open when he has a filing due,

as this is the "most elementary form of diligence." *Id.* at 370; *see also Raley v. Lile*, 861 S.W.2d 102, 105–06 (Tex. App.—Waco 1993, writ denied) (dismissing appeal for want of jurisdiction after taking judicial notice "that the Commissioners' Court of Johnson County did not designate Columbus Day as an official county holiday in 1992 and that the courthouse was open for business on October 12"); *Seismic & Digit. Concepts, Inc. v. Digit. Res. Corp.*, 583 S.W.2d 442, 442 (Tex. App.—Houston [1st Dist.] 1979, no writ) (holding that a motion to extend time for filing the statement of facts was untimely where attorney relied on a courthouse switchboard operator that the courthouse was closed on Good Friday, when in fact "[c]ourt personnel were present the entire day").[2]

---

[2]The Texas Supreme Court has also recognized this duty of diligence:

> [A] party who finds the courthouse closed on the last day that a document must be filed is not without recourse. He may mail the document that day, and if it is received by the clerk not more than ten days later it is timely filed. He may also locate the clerk or judge of the court and file the document with them. In some circumstances, a party may also move for an enlargement of time.

*Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 771–72 (Tex. 1992) (authorities omitted); *see also Zidell v. NHP Real Est. Co.*, 643 S.W.2d 199, 200 (Tex. App.—Austin 1982, no writ) ("Since appellant was required to file the cost bond on July 5, and assuming the Courthouse was closed on that day, appellant should have arranged to file the cost bond with the district clerk or district judge."); Michol O'Connor & Alessandra Ziek Beavers, *O'Connor's Texas Civil Appeals*, Ch. 1(C), § 6.2.2 (2021) ("When the courthouse is open, the holiday probably will not extend a filing deadline. When in doubt, a party should call the clerk's office, and if the court is open for filing documents on a legal holiday, consider it a regular business day and file any documents due on that day."); Tex. R. Civ. P. 74 (allowing documents to be filed with the judge in addition to the clerk).

Relying on Government Code Sections 662.003 and 662.021, which identify holidays for state officers and employees, the Frasiers argue Rule 4 extended their filing deadline to November 12. *See* Tex. Gov't Code Ann. §§ 662.003, .021.[3] Although Section 662.021 states what is included as a "legal holiday," its plain language and context make clear that it identifies state holidays for "state officers and employees."[4] *See id.* § 662.021; *see also id.* § 662.003 (identifying "national," "state," and "optional" holidays). It is found in Title 6, "Public Officers and Employees," and Subtitle B, "State Officers and Employees," and it is surrounded by general state employment provisions such as management-to-staff ratios, *see id.* § 651.004, and state job classifications and pay rates, *see id.* § 654.011. *See generally* Michol O'Connor & John Zavitsanos, *O'Connor's Texas Rules * Civil Trials*, Ch. 1(C), § 8 (2021) (explaining that Section 662.003 "was not enacted to explain the impact of legal holidays on filing deadlines" but rather "to inform state-paid employees which days are paid holidays").[5]

---

[3]Section 662.003(a)(7) identifies Veterans Day as a "national holiday," and Section 662.021 defines "legal holiday" to include a "national holiday" under Section 662.003(a). Tex. Gov't Code Ann. §§ 662.003(a)(7), .021(1).

[4]"The number and date of state holidays are directly related to the appropriation of funds for hours and days of work by state personnel from the State Treasury." *Mid-Continent Refrigerator Co. v. Tackett*, 584 S.W.2d 705, 706 (Tex. 1979).

[5]*O'Connor's Texas Rules * Civil Trials* also contains a chart showing "Legal Holidays for Filing" and notes the following as a "Practice Tip": "To determine whether a certain day is a legal holiday for a particular county, call the court clerk or go to the county's website and search for 'holidays.'" O'Connor & Zavitsanos, *supra*, at Ch. 1(C), § 8.1.1(1); *see also* Michol O'Connor & David J. Beck, *O'Connor's Texas Civil Practice and Remedies Code Plus*, at C-67 (2021–2022) (containing a "Legal Holidays

The Legislature has shown in plain language when it intends for Section 662.003's holidays to be read into other statutes. *See, e.g.*, Tex. Elec. Code Ann. § 1.006(f)(2) (defining "State holiday" as "a state holiday under Sections 662.003(b)(1) through (6), Government Code"); Tex. Util. Code Ann. § 251.002(9) (defining "Legal holiday" to mean "a holiday specified as a legal holiday by Subchapter B, Chapter 662, Government Code"); Tex. Hum. Res. Code Ann. § 48.002(a)(9) (defining "Legal holiday" to mean "a state holiday listed in Subchapter B, Chapter 662, Government Code, or an officially declared county holiday"); *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 16.072 (referring to "Saturday, Sunday, or holiday"). The supreme court has not amended Rule of Civil Procedure 4 or Rule of Appellate Procedure 4.1 to refer to Section 662.003 or Section 662.021.

While the supreme court has addressed situations where the clerk's office is closed on a holiday, it has not addressed those situations where it is open on a "national holiday," "state holiday," or "optional holiday." *See* Tex. Gov't Code Ann. § 662.003(a)–(c). It has held that "legal holiday," as used in Rule 4 "includes a day which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed." *Miller Brewing Co.*, 829 S.W.2d at 772. It has even expanded the holding of *Miller* to Civil Practice and Remedies Code Section 16.072,

for Purposes of Filing Chart" and noting that "[f]iling deadlines are extended when a court closes for a holiday").

6

holding that Section 16.072 is broader than either Rule of Civil Procedure 4 or 5 "because its language suggests that holidays include days when county offices are not open for business." *Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex. 1992).

If, as the majority opinion holds, a "legal holiday" under Civil Practice and Remedies Code Section 16.072 includes a "national holiday," it must also include a "state holiday" because Section 662.021 defines a "legal holiday" to include both national and state holidays. This then leads to the absurd result that limitations expiring on the nineteenth day of January ("Confederate Heroes Day"), the second day of March ("Texas Independence Day"), the twenty-first day of April ("San Jacinto Day"), and the twenty-seventh day of August ("Lyndon Baines Johnson Day")—each a "state holiday" under Government Code Section 662.003(b)—also extends a limitations period even though most courthouses and clerk's offices are open on those days. *See* Tex. Gov't Code Ann. § 662.003(b)(1), (2), (3), (5); *see also ZYZY Corp. v. Hernandez*, 345 S.W.3d 452, 455–56 (Tex. App.—San Antonio 2011, no pet.) (concluding that the filing deadline under Section 16.072 was extended by the closure of the Bexar County District Clerk's office on April 27 for the "Battle of Flowers" holiday).[6] And an additional problem arises because "legal public holidays" as defined

---

[6]If "holiday" is defined to include *all* holidays described in the Government Code, it would also include the "optional holidays" of Rosh Hashanah, Yom Kippur, Good Friday, and Cesar Chavez Day. *See* Tex. Gov't Code Ann. §§ 662.003(c), .013.

by federal law do not equate to "national holiday[s]" as defined by state law. *Compare* 5 U.S.C.A. § 6103, with Tex. Gov't Code Ann. § 662.003(a).

The majority says that there are "practical complications" that would arise under an interpretation that would render the Frasiers' suit time-barred. The Frasiers express this as a concern that the last day of any statute of limitations "would vary from county to county." Similarly, the majority is concerned that "the vagaries of county politics" could impact tolling provisions by leading to venue shopping and that "a county by fiat" could render Rule 4 inapplicable. However, these alleged concerns are just as aptly directed at situations when the courthouse is closed as opposed to open. *See Miller Brewing Co.*, 829 S.W.2d at 772 ("'[L]egal holiday,' as used in Rule 4, Tex. R. Civ. P., includes a day in which the commissioners court in the county in which the case is pending has determined to be a holiday, or on which the clerk's office for the court in which the case is pending is officially closed."). And this concern also ignores the fact that the Legislature has given to county commissioners courts the authority to set hours and days that their employees work and hence when their places of work—the courthouses—are open and closed. *See, e.g.,* Tex. Loc. Gov't Code Ann. § 157.032 (granting the commissioners court the authority to adopt and enforce rules on the hours of work of employees); *see also Zidell*, 643 S.W.2d at 201 (Gammage, J., concurring) ("A holiday declared by a lawfully empowered local governing body is certainly not an 'illegal' or 'non-legal' holiday, even though not

8

declared in statutory form by the legislature.  The existence of 254 counties creates the possibility of 254 separate practices . . . .").

While the majority also expresses concern that counties on an "ad hoc basis" could alter what days are holidays, the cases are replete with circumstances where a specific county has closed its courthouse doors for a reason unique to that county.  *See Walles v. McDonald*, 889 S.W.2d 236, 237 n.2 (Tex. 1994) (noting that "[t]hough neither day was an official state or federal holiday, Orange County Commissioners had voted in a public meeting to declare [certain days] local holidays"); *ZYZY Corp.*, 345 S.W.3d 452 at 455–56 (noting that the Bexar County District Clerk's office was closed for the "Battle of Flowers" holiday); *Garcia v. Vera*, No. 01-05-01161-CV, 2006 WL 2865033, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 5, 2006, no pet.) (mem. op) (noting that a litigant was unable to file a motion for new trial because the courthouse was closed as a result of a mandatory evacuation order issued by the mayor in preparation for Hurricane Rita); *Boone v. St. Paul Fire & Marine Ins. Co.*, 968 S.W.2d 468, 470–71 (Tex. App.—Fort Worth 1998, pet. denied) (holding that the fact that the district clerk's office opened two hours late due to inclement weather did not make the entire day a legal holiday thereby extending time to file petition).  Similarly, statutes envision the closing of courthouses or clerk's offices for different reasons that vary from county to county.  *See, e.g.*, Tex. Gov't Code Ann. § 552.2325(b), (d), (e) (allowing the temporary suspension of requirements of the Texas Public Information Act to those "impacted by a catastrophe" as determined by a "governmental body") and Tex. Prop. Code

Ann. § 51.002(b–1) (allowing notices to be posted "after the courthouse or county clerk's office reopens for business" if "the courthouse or county clerk's office is closed because of inclement weather, natural disaster, or other act of God"). This is the natural consequence of local government control and presents no more of a problem to the running of limitations than it does to any other situation. And it further bolsters the reason that the open/closed scenario should be determinative in this situation involving the statute of limitations.

With the advent of electronic filing,[7] it is arguable that the distinction between the clerk's office being open or closed is, for most purposes,[8] irrelevant.[9] However, until the rules of procedure or the statutes are amended to address this situation, I would hold that a day on which the clerk's office is open does not extend a filing

---

[7]Electronic filing has been mandatory for all attorneys filing non-juvenile civil cases in district courts, statutory county courts, constitutional county courts, and statutory probate courts in Tarrant County since January 1, 2014. *See* Amended Order Requiring Electronic Filing in Certain Courts, Misc. Docket No. 13-9164, Paragraphs 1–2 (Tex. Dec. 9, 2013).

[8]"Attorneys practicing in courts where electronic filing is available but not mandated and unrepresented parties may electronically file documents, but it is not required." Tex. R. Civ. P. 21(f)(1).

[9]Conversely, electronically-filed documents can be considered "filed" even when the courthouse is closed. *See* Tex. R. Civ. P. 21(f)(5) ("Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline."). *But see* Tex. R. Civ. P. 21(f)(5)(A) ("[I]f a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday[.]").

10

deadline.  Since I would also affirm the granting of the motion for summary judgment based on the statute of limitations, I respectfully dissent.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  February 17, 2022