

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00010-CV

---

ALEXANDER FRASIER AND HITOMI FRASIER, Appellants

V.

KATHLEEN ANN SHAFEEQ, Appellee

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-322104-20

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker
Dissenting Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

In this appeal from a summary judgment, we are asked a discrete legal question based on undisputed facts: If a limitations period expires on a Saturday and the next Monday is a national holiday, is the period extended to Tuesday even though the county's offices were open for business on the national holiday? We conclude that limitations was extended to Tuesday and reverse the trial court's summary judgment concluding the opposite.

## I. BACKGROUND

Appellants Alexander and Hitomi Frasier were in a car accident with appellee Kathleen Ann Shafeeq on November 9, 2017, in Tarrant County. Under the applicable statute of limitations, the Frasiers' personal-injury suit was due no later than November 9, 2019, which was a Saturday. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Monday, November 11, 2019, was Veterans Day, which the Texas Legislature has classified as a "national holiday . . . dedicated to the cause of world peace and to honoring the veterans of all wars in which Texans and other Americans have fought." Tex. Gov't Code Ann. § 662.003(a)(7). The Frasiers filed suit on Tuesday, November 12, 2019, in Tarrant County.

Shafeeq answered the petition and raised the affirmative defense of limitations. She then filed a traditional motion for summary judgment on her defense and argued that because the Tarrant County Commissioners Court had determined that county offices would be open on Veterans Day, the Frasiers' limitations period was not

2

extended to the next day—November 12—under either Rule 4 or the statutory limitations extension. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.072; Tex. R. Civ. P. 4. The Frasiers responded that because the Texas Legislature had expressly provided that Veterans Day is a "national holiday," Rule 4 extended their deadline to file suit to the next day that was not a legal holiday—November 12, 2019. Tex. Gov't Code Ann. § 662.003(a)(7). The trial court granted Shafeeq's motion and dismissed the Frasiers' individual claims against her.[1]

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). We take as true all evidence favorable to the Frasiers and we indulge every reasonable inference and resolve any doubts in their favor. *Id.*

A traditional motion for summary judgment may be granted only when the movant—Shafeeq—establishes that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Because Shafeeq moved for summary judgment on the basis of limitations, she had the burden to conclusively

---

[1]The Frasiers had also raised claims against Shafeeq as next friends for their son; however, these claims were severed from the Frasiers' individual claims and were not affected by the trial court's summary-judgment order.

establish the defense by showing when the cause of action accrued and that suit was filed outside the applicable limitations period. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Boyd v. Kallam*, 152 S.W.3d 670, 683 (Tex. App.—Fort Worth 2004), *pets. denied*, 232 S.W.3d 774, 776 (Tex. 2007). If she did so, the burden shifted to the Frasiers to raise a fact issue regarding an applicable avoidance of limitations. *See KPMG Peat Marwick*, 988 S.W.2d at 748.

## B. TIME CALCULATION AND EXTENSION

Rule 4 governs time computation for "any period of time prescribed or allowed by [the rules of civil procedure], by order of court, or by *any applicable statute.*" Tex. R. Civ. P. 4 (emphasis added). Thus, Rule 4 applies to the calculation of a limitations period. *Martinez v. Windsor Park Dev. Co.*, 833 S.W.2d 950, 951 (Tex. 1992); *Hughes v. Autry*, 874 S.W.2d 890, 894 (Tex. App.—Austin 1994, no writ) (per curiam). The rule directs that the first day of the time period is not counted but that the last day is included unless the last day "is a Saturday, Sunday, or legal holiday," which extends the operative period to the end of the next day that is not a Saturday, Sunday, or legal holiday. Tex. R. Civ. P. 4.

Section 16.072, which also applies to limitations periods, is a little different. It provides that if the last day of a limitations period falls on a "Saturday, Sunday, or holiday," the period is "extended to include the next day that the county offices are open for business." Tex. Civ. Prac. & Rem. Code Ann. § 16.072. Section 16.072 is

4

"somewhat broader" than Rule 4 because Section 16.072's application "is not restricted to *legal* holidays." *Martinez*, 833 S.W.2d at 951.

Even so, Section 16.072 and Rule 4 should be construed similarly because both "extend time periods for taking action when the period ends on weekends and holidays." *Id.*

## C. APPLICATION

On appeal, the Frasiers contend that Rule 4 extended the limitations period to November 12 because a legal holiday, which includes national holidays set by the Legislature, is not included in time computations. And although they initially seemed to concede that limitations expired on Veterans Day under Section 16.072 because the county offices were open, the Frasiers later argued that Section 16.072 includes the same holidays contemplated under Rule 4 and did extend the limitations period. In sum, the Frasiers assert that under either Rule 4 or Section 16.072, November 11 is not included in the computation of the end of their limitations period because Veterans Day is a legislatively declared holiday.

We note that the Frasiers did not make their argument based on Section 16.072 in the trial court in response to Shafeeq's summary-judgment motion and that the majority of their appellate argument is focused on Rule 4. But the Frasiers asserted in the trial court that they had filed their suit timely, thereby necessarily arguing that Shafeeq had not conclusively established that they had filed their suit outside of the limitations period. The Frasiers continue to raise that issue on appeal in attacking the

5

trial court's summary judgment. Because the trial court's summary judgment must stand or fall on its own merits, the Frasiers may challenge on appeal the legal sufficiency of the summary-judgment grounds presented by Shafeeq—Rule 4 and Section 16.072. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *cf. Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704–05 (Tex. 2021) ("And while appellate courts 'do not consider *issues* that were not raised . . . below,' parties may 'construct new *arguments* in support of issues' that were raised." (quoting *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014))).

Again, the Legislature has identified Veterans Day as a national holiday and, thus, as a legal holiday. Tex. Gov't Code Ann. §§ 662.003(a)(7), 662.021(1). *See generally Cummings v. Billman*, 629 S.W.3d 297, 299 n.1 (Tex. App.—Fort Worth 2020, no pet.) (concluding, in case from Denton County, that motion to reinstate was timely filed on 31st day because 30th day fell on Veterans Day). The Texas Supreme Court has held that a legislatively declared holiday for state employees is "a legal holiday for procedural purposes within the meaning of Rule 4." *Mid-Continent Refrigerator Co. v. Tackett*, 584 S.W.2d 705, 706 (Tex. 1979); *see also Dorchester Master Ltd. P'ship v. Hunt*, 790 S.W.2d 552, 552–53 (Tex. 1990); *Johnson v. Tex. Employers Ins. Ass'n*, 674 S.W.2d 761, 762 (Tex. 1984); *Blackman v. Hous. Auth. of City of Dall.*, 254 S.W.2d 103, 104–06 (Tex. 1953); *Old Republic Ins. Co. v. Wuensche*, 782 S.W.2d 346, 348 (Tex. App.—Fort Worth 1989, writ denied). Thus, it seems clear that under Rule 4, the Frasiers' suit

was timely filed on November 12 because that was the "next day which [was] not a Saturday, Sunday, or legal holiday." Tex. R. Civ. P. 4.

The wrinkle in this case arises because the Tarrant County Commissioners Court, contrary to many other counties,[2] has declared that its offices will be open on Veterans Day. Section 16.072, therefore, would seem to dictate that the Frasiers were required to file suit on November 11 because the county offices were "open for business." Tex. Civ. Prac. & Rem. Code Ann. § 16.072. The Frasiers succinctly illustrate the practical complications that would arise under an interpretation that would render their suit timely under Rule 4 but time-barred under Section 16.072:

> If this Court adopts the position of Shafeeq in this case, then the last day of any statute of limitations (and perhaps deadlines under other statutes as well), would vary from county to county. It would vary depending on which county the incident sued upon occurred. It would depend on how many Defendants are being sued and the residences of each of those Defendants. Each of these factors influence the appropriate venue for a suit and, therefore, would influence a determination of the last day of a statute of limitations[,] which will be different in each case. In sum, an identical event in two different counties in the state would have two different statutes of limitation even though the state has only one statute of limitation for that type of event. If an attorney woke up on a day after a legal holiday and realized that a county of proper venue was open for business on that legal holiday, he could pick any other

---

[2]For example, Wichita, Bell, Liberty, and Williamson Counties recognize Veterans Day as a holiday. *See, e.g.*, *Kadow v. Grauerholz*, No. 02-20-00044-CV, 2021 WL 733302, at *6 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.) (Wichita County); *Long v. Yurrick*, 319 S.W.3d 944, 946 (Tex. App.—Austin 2010, no pet.) (Bell County); *In re J.B.*, No. 09-07-625 CV, 2008 WL 4735434, at *2 (Tex. App.—Beaumont Oct. 30, 2008, no pet.) (mem. op.) (Liberty County); *Barnes v. Sulak*, No. 03-01-00159-CV, 2002 WL 1804912, at *8 (Tex. App.—Austin Aug. 8, 2002, pet. denied) (not designated for publication) (Williamson County).

county, say Cherokee County, to file in the next day so long as that county had not been open for business on the legal holiday. If it is a county of improper venue, it will probably then be transferred to a county of proper venue. But it will nevertheless be timely filed under the law that Shafeeq is trying to create.

Given the Texas Supreme Court's direction that Rule 4 and Section 16.072 should be similarly construed and given that tolling provisions relating to limitations periods should be liberally construed, we hold that the Frasiers timely filed suit on November 12. *See Martinez*, 833 S.W.2d at 951; *Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ).

A contrary result would be nonsensical, leading to venue shopping based on the vagaries of county politics. *See generally Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) ("It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes according to the language the Legislature used, absent a context indicating a different meaning or the result of the plain meaning of the language yielding absurd or nonsensical results."). And it would allow counties to alter, on an ad hoc basis, which days are considered procedural and statutory holidays. In a state with 254 counties, such a result would be absurd.

A further problem would arise if we concluded that the Frasiers should have electronically filed their petition on November 11. If a document is electronically transmitted on a Saturday, Sunday, or legal holiday, the document is considered filed the next day that is not a Saturday, Sunday, or legal holiday. *See* Tex. R. Civ. P. 21(f)(5)(A). Therefore, even if the Frasiers had electronically filed their petition on

8

November 11,[3] it would still have been considered filed on November 12 because November 11 was a legal holiday. *See* Tex. Gpov't Code Ann. § 662.021 (defining legal holiday as national and state holidays as designated by the Legislature). In short, the petition arguably would still have been untimely filed if it had been electronically transmitted on November 11.

We recognize, as does the dissenting opinion, that another intermediate appellate court has held differently, reasoning that our conclusion here would be "absurd." *Lowe v. Rivera*, 60 S.W.3d 366, 369 (Tex. App.—Dallas 2001, no pet.). The Dallas Court of Appeals held that because Dallas County offices were open on a legislatively declared national holiday (Presidents Day), which was the last day of the appellant's limitations period, the appellant was required to file suit on that day under Section 16.072 to be considered timely filed.[4] *Id.* at 367–70. The Dallas Court of Appeals did not consider Rule 4 in its analysis, and its holding effectively allows a county by fiat to render Rule 4 inapplicable for limitations purposes if it opens its offices on a Saturday, Sunday, or holiday. As the Frasiers point out, this would result in different limitations periods based on the county of suit. And different results under Rule 4 and Section 16.072 would run afoul of the Supreme Court's direction to construe them similarly because both "*extend* time periods for taking action when the

---

[3]The Frasiers and Shafeeq electronically filed their pleadings in this case.

[4]Electronic-filing rules were not enacted until 2013 and, thus, were not part of the Dallas Court of Appeals' 2001 analysis.

9

period ends on weekends and holidays." *Martinez*, 833 S.W.2d at 951 (emphasis added). *See generally Robles v. Rivera*, No. 05-17-00733-CV, 2018 WL 3120858, at *3 (Tex. App.—Dallas June 26, 2018, pet. denied) (mem. op.) ("[L]egal holiday [as used in Tex. R. Civ. P. 500.5] must mean something other than days when the court is closed."). Thus, we respectfully decline to follow *Lowe* in this case.

Finally, we look to the purpose behind Section 16.072, which further bolsters our conclusion. *See generally In re J.F.-G.*, 627 S.W.3d 304, 313–14 & n.34 (Tex. 2021) (citing *Pruski v. Garcia*, 594 S.W.3d 322, 328 & n.2 (Tex. 2020), and recognizing how an enacted statute changes over time—the history of legislation as opposed to legislative history—may inform statutory interpretation by providing context). The text of current Section 16.072 was initially enacted in 1977 in response to a court of appeals case—*Fulghum v. Baxley*, 219 S.W.2d 1014, 1015 (Tex. App.—Dallas 1949, no writ)—which had held Rule 4 inapplicable to statutes of limitations and had concluded that if a limitations period ended on a Sunday, the case must be filed on Sunday to avoid the time bar. The Texas Legislature, specifically referring to *Fulghum*, enacted Article 5539d in the Revised Civil Statutes to "allow a party to file suit on the first business day following a holiday where the last day of the period of limitation falls on a holiday." House Comm. on Judiciary, Bill Analysis, Tex. H.B. 524, 65th Leg., R.S. (1977). In other words, the predecessor to Section 16.072 was enacted to ensure that Rule 4 applied to the calculation of limitations periods. When the Legislature codified the Civil Practice and Remedies Code in 1985, Article 5539d

10

became Section 16.072 with no substantive change. Act of May 17, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3242, 3258. Section 16.072 has not been amended since. Accordingly, the Legislature intended that Saturdays, Sundays, and holidays occurring at the end of a limitations period not be counted whether under Section 16.072 or Rule 4. A conclusion that Veterans Day be included in the Frasiers' limitations calculation, based on the Commissioners Court's holiday declaration contrary to the Legislature's, would ignore the purposes of Rule 4 and Section 16.072—to toll limitations periods for Saturdays, Sundays, and holidays.

## III. CONCLUSION

Even though the Frasiers' limitations period expired on Saturday, November 9, we conclude that the deadline was extended to Tuesday, November 12, because Monday, November 11, was a legal holiday. Shafeeq failed to conclusively establish that the Frasiers' suit was filed outside of that deadline; therefore, she was not entitled to summary judgment on her affirmative defense. We reverse the trial court's order granting summary judgment in favor of Shafeeq and remand this case for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: February 17, 2022

11